(88 South. 294)

## BODDY v. CONTINENTAL INV. CO.
### (6 Div. 719.)

(Court of Appeals of Alabama. Feb. 15, 1921.)

**1. Depositions ⊚⇒39—Amendment of commission to take depositions by entering true date proper.**

Where the date of the commission to take depositions under Act 1911, p. 487, was erroneously entered, it was proper for the court, after being satisfied by proof, to permit the clerk to amend the commission by entering the true date, and it appearing the opposite party had 10 days after notice within which to file cross-interrogatories, other requirements being complied with, the court properly overruled the motion to suppress.

**2. Appeal and error ⊚⇒971(5)—Leading questions largely in discretion of court.**

The asking of leading questions, while not approved by the courts, is largely in the discretion of the trial judge; and, unless the appellate court is convinced that substantial injury was done the objecting party, a judgment, otherwise free from error, will not be reversed.

**3. Corporations ⊚⇒657(3)—Contracts of foreign corporations, which have not qualified to do business in state, void.**

Contracts, made by foreign corporations in Alabama before qualifying to do business in the state in accordance with the requirements of its Constitution and statutes, are void.

**4. Commerce ⊚⇒15—Money, a medium of exchange not protected by interstate commerce statutes; "article of commerce."**

Money, being merely a medium of exchange, is not such an article of commerce as is protected from state regulation relative to foreign corporations by the federal Interstate Commerce statutes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Article.]

**5. Corporations ⊚⇒642(6)—Single transaction of foreign corporation constitutes "doing of business."**

One transaction by a foreign corporation within the state will constitute a "doing of business" within the meaning of the statute requiring certain steps before such a corporation is qualified to do business in the state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

**6. Corporations ⊚⇒673—That place where notes to foreign corporation were dated and payable was in Alabama held prima facie evidence that loan was made in state, but subject to rebuttal.**

In an action by plaintiff foreign corporation to recover on notes representing a loan to defendant by plaintiff, not authorized to do business in the state, the fact that the notes were dated at a city in Alabama and payable at a bank there made a prima facie case that the loan was made in Alabama, but such a presumption is one of fact, as contradistinguished from a presumption of law, and disappears when undisputed evidence rebuts it.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Assumpsit by the Continental Investment Company against Frank Boddy. Judgment for the plaintiff, and the defendant appeals. Affirmed.

The action was upon certain promissory notes given in a purchase of an automobile truck, the truck being purchased from the Alabama Motor Truck Sales Company of Birmingham. Part of the consideration was paid in cash, the balance advanced on notes by the Continental Investment Company, a corporation, of Louisiana. The plea cites the fact that the plaintiff was a foreign corporation, and that it had failed to comply with the statutes of Alabama relative to the doing of business by said corporation within the state. The replication set up that the Continental Investment Company was a corporation domiciled at New Orleans in the state of Louisiana, and that the defendant, by and through its agent, made application to the plaintiff at its place of business in New Orleans for a loan of money on said truck, that the application was made to plaintiff at its place of business in New Orleans, the application was approved there, and a check or draft drawn there, payable to plaintiff or his agent on the bank of the plaintiff, also located at New Orleans.

Motion was made to suppress certain interrogatories filed in the office of the clerk of the court on November 18, because it did not ap-

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pear that the interrogatories remained on file for a period of 10 days as required by the statute. This grew out of the fact that the commission was dated and signed as of November 18, 1919, and the clerk testified that while the commission was so dated, it and interrogatories remained in his office on file for more than 10 days thereafter before being sent to the commissioner named therein.

Chas. E. Wilder, of Birmingham, for appellant.

Depositions should have been suppressed. Sections 4030–4032, Code 1907; Acts 1909, p. 168; Acts 1911, p. 487; 191 Ala. 553, 68 South. 30, Ann. Cas. 1917C, 878. The plaintiff was a foreign corporation, not qualified to do business in Alabama, and the executory contract was therefore void. Section 232, Const. 1909; sections 3643–3648, Code 1907; 92 Ala. 135, 8 South. 388; 94 Ala. 457, 10 South. 86; 95 Ala. 318, 10 South. 311; 87 Ala. 483, 6 South. 332; 88 Ala. 275, 7 South. 200; 88 Ala. 280, 7 South. 201; 162 Ala. 397, 50 South. 341; 176 Ala. 229, 57 South. 762; 179 Ala. 482, 60 South. 295; 6 Ala. App. 508, 60 South. 431; 11 Ala. App. 366, 66 South. 866. Loaning of money cannot be treated as an act of interstate commerce. 108 Ala. 6, 18 South. 533; 9 Ala. App. 152, 62 South. 560, and authorities supra. The fact that the notes were payable in Alabama and executed in Alabama make the contract prima facie an Alabama contract. Authorities supra. The motor company was the agent of the plaintiff in making the loan.

Russell & Johnson, of Oneonta, for appellee.

No brief came to the Reporter.

SAMFORD, J. [1] Where the date of the commission to take depositions under act of Legislature 1911, page 487, was erroneously entered, it was proper for the court, after being satisfied by proof, to permit the clerk to amend the commission by entering the true date, and, it appearing that the opposite party had 10 days after notice within which to file cross-interrogatories, other requirements being complied with, the court properly overruled the motion to suppress.

[2] The asking leading questions, while not approved by the courts, are largely in the discretion of the trial judge, and, unless the appellate court is convinced that substantial injury was done to the objecting party, a judgment, otherwise free from error, will not be reversed.

[3–5] It is admittedly the law that foreign corporations must qualify to do business in this state in accordance with the requirements of our Constitution and statutes, and contracts made by them in this state before qualifying are void. It is further the law that money, being but a medium of exchange, is not such an article of commerce as is protected by the interstate commerce statutes. Padgett v. Gulfport Fert. Co., 11 Ala. App. 366, 66 South. 866. It has also been decided that one transaction will constitute a doing of business, within the meaning of the statute. State v. Bristol Savings Bank, 108 Ala. 3, 18 South. 533, 54 Am. St. Rep. 141.

[6] The question, then, as presented by this record, is, was the contract for the loan of the money by the plaintiff to defendant as evidenced by the notes sued on, an act done in Alabama in violation of the Constitution and laws of this state? And does the evidence without conflict establish that fact?

The fact that the notes were dated at Birmingham, Ala., and payable at a bank in Birmingham, made a prima facie case that the loan was made in Alabama. State v. Bristol Savings Bank, 108 Ala. 3, 18 South. 533, 54 Am. St. Rep. 141. But this was a presumption of fact as contradistinguished from a presumption of law, and therefore vanishes when the undisputed evidence rebuts such presumption. W. O. W. v. Dennis, 87 South. 616,[1] and authorities there cited. We have given consideration to the entire evidence and to the authorities cited and are of the opinion that the loan was made at the home office of the appellee, in New Orleans, La., upon application of appellant, accompanied by the notes and mortgage, and therefore the transaction was not had in Alabama.

We are also of the opinion that there is no evidence going to show that the Alabama Motor Truck Sales Company or Dupse acted as the agent of appellee in making the loan. It follows that the trial court did not err in giving the general charge as requested by plaintiff.

There is no error in the record, and the judgment is affirmed.

Affirmed.

<hr />

⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 17 Ala. App. 642.