·(103 So. 578)

### CUNNINGHAM et al. v. HOUSE.
(6 Div. 164.)

·(Supreme Court of Alabama. March 26, 1925.)

**1. Deeds ⬥6—Logs and logging ⬥3(7)—Instrument held conveyance of estate in fee on condition subsequent in land and timber.**

Instrument by which owner of timber and land "bargained, sold, and released" all his "right, title, and interest," and which provided that grantee would "be given option * * * until Monday, April 16th, to arrange to pay balance due on this transaction," and which further provided for forfeiture of first payment if grantee "should fail to close the deal," held present conveyance of estate in fee on condition subsequent.

**2. Mortgages ⬥294—Mortgagor's deed given in lieu of foreclosure gives mortgagee no rights superior to rights of prior grantee of whose rights mortgagee had notice.**

Deed of land and timber in lieu of mortgage foreclosure gives grantee no rights superior to rights of prior grantee of mortgagor, of whose rights mortgagee had notice.

**3. Mortgages ⬥294 — Rights of grantee of mortgagor held superior to those of mortgagee under conveyance in lieu of foreclosure and grantee entitled to exercise mortgagor's equity of redemption.**

Where mortgagor of land and timber gave deed thereof, conveying an estate in fee on condition subsequent that grantee make certain payment on stipulated date, and subsequently gave second mortgage to same mortgagee who had first mortgage, and later conveyed to him in lieu of foreclosure, held, deed to mortgagee conveyed no rights superior to mortgagor's first grantee, who was entitled to exercise mortgagor's equity of redemption.

**4. Mortgages ⬥596, 597—Grantee of mortgaged timber held not guilty of inequitable conduct, precluding him from exercising mortgagor's equity of redemption.**

Provisions in mortgage of timber for mortgagor's manufacture of the timber into lumber, and for its sale to mortgagee, are construed as an aid of security, and grantee of mortgagor, offering to pay mortgagor's indebtedness, is not, because of such provisions, chargeable within equitable conduct, precluding him from exercising mortgagor's equity of redemption.

**5. Equity ⬥150(1) — Bill for purpose of clearing title to property held not multifarious for joinder of particular party defendant.**

Where owners of land and of timber subject to mortgage, after giving of deed conveying estate in fee on condition subsequent, made additional mortgage, and then conveyed all timber to mortgagee in lieu of foreclosure, and conveyed the land to their son for recited consideration, which was not paid, held son was proper party defendant to suit by grantee against grantor and mortgagee to establish grantee's title on compliance with condition subsequent.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Bill in equity by Ben F. House against J. L. Cunningham, F. J. Stevens, trustee, and J. L. Cunningham, Jr. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The instrument made Exhibit C to the bill is as follows:

"For and in consideration of the sum of fifty ($50.00) dollars, to me in hand paid by Ben House, I, J. L. Cunningham, have this day bargained, sold, released, and by these presents do bargain, sell, and convey to the said Ben House all of my right, title, and interest to the within described land and timber rights.

"All of the timber and land bought by me from the Henderson Land & Lumber Company in sections 7 and 18, township 19, range 9 west. All of the timber purchased by me from Smith and Curtis in section 18, township 19, range 9 west.

"It is further agreed that the said Ben

House will be given an option on the above described land and timber until Monday April 16th to arrange to pay the balance due on this transaction, which the total amount of $7,000.-00, leaving the amount to be paid me by Mr. Ben House of $6,950.00.

"It is further agreed and understood by party of the first part and party of the second part that, in event Ben House should fail to close the deal on above land and timber on day above set forth, he agrees to forfeit the said $50.00 above acknowledged, and that all rights, title, and interest to revert to me, the said J. L. Cunningham. It is further agreed and understood between myself and the said Ben House that he shall come in possession with above-described land and timber, all the down timber and logs, and what lumber is now on mill yard and cut by me, and the timber mentioned as down timber was cut by Henderson Land & Lumber Company, and adjoins my land, and is owned by me, said down timber on one spur line, next to my land and timber.

"Witness my hand and seal this 12th day of April, 1923.                B. F. House.
                                          "J. L. Cunningham.
"E. J. Staub, Witness.
"M. B. Pritchett, Witness."

Jones, Jones & Van de Graaff and Brown & Ward, all of Tuscaloosa, for appellants.

The instrument executed by Cunningham and House is merely an option, and does not pass title. Chapman v. Glassell, 13 Ala. 50, 48 Am. Dec. 41; Lewis v. Davis, 198 Ala. 85, 73 So. 419. Complainant has no right, under the statutes, to redeem. Holden v. Rison, 77 Ala. 515; Toney v. Chenault, 204 Ala. 329, 85 So. 742; Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719. Complainant did not come into equity with clean hands, and is entitled to no relief. 1 Pom. Eq. Jur. § 404; Harton v. Little, 188 Ala. 640, 65 So. 951; McCord v. Bridges, 205 Ala. 692, 89 So. 39; Old Dominion Co. v. Lewisohn, 210 U. S. 206, 28 S. Ct. 634, 52 L. Ed. 1025. The bill is multifarious. Code 1923, § 6526; Hyman v. Langston, 210 Ala. 509, 98 So. 564.

E. L. Dodson and Harwood & McQueen, all of Tuscaloosa, for appellee.

The instrument on which complainant relies is a deed, absolute in form. Bethea v. McCullough, 195 Ala. 480, 70 So. 680; 156 Iowa, 315, 136 N. W. 682, 3 A. L. R. 569. But, if an option, it would have become absolute when complainant performed, or offered to perform, the obligation imposed upon him. Fulenwider v. Rowan, 136 Ala. 287, 34 So. 975; Moss v. King, 186 Ala. 475, 65 So. 180; Lauderdale Power Co. v. Perry, 202 Ala. 394, 80 So. 476. Complainant became the vendee of Cunningham's right of redemption. Code 1923, § 10140. The right here sought is the equity of redemption, which may be invoked without paying redemption money into court. McAllister v. Catchings, 210 Ala. 392, 98 So. 303; Grace v. Montgomery, 209 Ala. 386, 96 So. 430.

GARDNER, J. The appeal is from a decree overruling demurrers to the bill filed by appellee against the appellants.

The bill shows that on April 12, 1923, respondent J. L. Cunningham was the owner of certain timber and lands situated in sections 7 and 18, township 19, range 9, in Tuscaloosa county, purchased from Henderson Land & Lumber Company, which will be referred to as the Henderson lands, and also certain timber on lands situated in section 18, township 19, range 9, in said county, purchased from Smith and Curtis, hereinafter designated the Smith timber, and he also owned some timber which had been felled or cut, known as "down timber." On the above-named date Cunningham executed the instrument made Exhibit C to the bill, which appears in the report of the case.

[1] The proper construction of this instrument is an important question here presented. Respondents insist that it conveyed no present interest in the property, but was a mere option. We are persuaded, however, that the case of Bethea v. McCullough, 195 Ala. 480, 70 So. 680, is decisive, contrary to this contention. In substance and effect the instrument there construed as "a present conveyance of an estate in fee upon condition subsequent" is not to be differentiated from that here under consideration. A discussion of the question would be but a repetition of the reasons set forth in the Bethea Case.

By this instrument, therefore, a present estate in fee upon condition subsequent was vested in the complainant in and to the timber and lands of the Henderson tract, and the timber on the Smith tract. A tender of the balance of the purchase money to Cunningham on April 16, 1923, and a refusal by said Cunningham to accept the same is averred, and that complainant is now ready and able to pay said balance, and submits himself to the jurisdiction of the court.

Previous to the execution of this conveyance on November 17, 1922, J. L. Cunningham had executed to respondent Stevens, trustee, a mortgage on all the timber of the Smith lands to secure an indebtedness of $3,000. Subsequent to the conveyance to complainant (Exhibit C), and on April 19, 1923, said Cunningham executed a mortgage to said Stevens, trustee, on the Henderson lands, but the bill avers that said Stevens, trustee, had full knowledge of complainant's conveyance, and knowledge or notice of complainant's rights and equities at the time, and that the mortgage was executed as a part of a scheme to hinder, delay, and defraud complainant of his rights and equities.

It is further alleged that on April 27, 1923, and in furtherance of the scheme to hinder, delay, and defraud complainant, Cunningham executed a deed to Stevens, trustee, in

full satisfaction of these two mortgages, and in lieu of the foreclosure thereof of all the timber on both the Henderson and Smith tracts of land, and that as to the mortgage of April 19, 1923, the "law day of said mortgage" had not arrived. Complainant sought to redeem from the mortgagee the mortgage indebtedness of November 17, 1922, and requested a statement as to the balance due thereon to the end that he might redeem, but the mortgagee failed to furnish complainant with such statement.

[2] Much of the argument of counsel for appellant proceeds upon the theory that complainant seeks the exercise of the statutory right of redemption. Such, however, is not the case. The deed executed in lieu of foreclosure, though binding between the parties, could not prejudicially affect complainant's rights, of which the mortgagee had notice. Complainant had acquired an interest in the mortgagor's equity, of which Stevens, trustee, had notice, and "his rights cannot be prejudiced by private arrangements between the parties." Grace v. Montgomery, 209 Ala. 386, 96 So. 430; McAllister v. Catchings, 210 Ala. 392, 98 So. 303.

[3] The foregoing authorities are, we think, conclusive to the effect that under the circumstances set forth in the averments of the bill complainant had a right to exercise the equity of redemption, and, very clearly, to that end the allegations were sufficient. The argument based upon a bill seeking the exercise of the statutory right of redemption therefore is inapplicable.

[4] It is insisted further that the bill discloses complainant should have no relief, for that he does not come into a court of equity with clean hands, in that his purchase from Cunningham was inequitable and characterized by bad faith, citing McCord v. Bridges, 205 Ala. 692, 89 So. 39. This argument is based upon certain covenants or agreements on the part of Cunningham in the mortgage of November 19, 1922, as to the manufacturing of the timber into lumber and selling same to the mortgagee. But, after all, the said mortgage was but a security for the indebtedness therein acknowledged, and such stipulations are to be construed in reference, thereto, and as an aid to such security. This indebtedness complainant sought to pay and offers now to pay, and, if he has been guilty of such conduct as to bar him from relief in a court of equity, we do not find that it appears upon the face of the bill.

[5] It further appears from the bill that on April 30, 1923, in furtherance of the fraudulent scheme to hinder, delay, and defraud complainant of his equities, respondent Cunningham and his wife executed to their son, J. L. Cunningham, Jr., a deed to the Henderson lands for a recited consideration of $300; but that in fact no considera-

tion was paid, and the conveyance was a voluntary one, and that the grantee had notice of complainant's rights. Counsel for Cunningham, Jr., insist that the bill is multifarious, in so far as it seeks to have said deed avoided, citing Hyman v. Langston, 210 Ala. 509, 98 So. 564.

The facts disclosed in the Hyman Case, however, are not at all analogous to those here presented. The bill here is for the purpose of clearing the title to property conveyed to complainant in the instrument of April 12, 1923, a part of which is embraced in the deed to Cunningham, Jr. It is proper to bring in all parties having an interest in the property, and that the entire subject-matter may be litigated in a single suit. The bill is not multifarious, and Cunningham, Jr., is a proper party respondent. McAllister v. Catchings, 210 Ala. 392, 98 So. 303.

It results that, in our opinion, the bill was not subject to the demurrers interposed, and that the decree should accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.