20 So.2d 503
### GAINES v. HARMON, Court Register, et al.
### 4 Div. 338.

Supreme Court of Alabama.
Jan. 18, 1945.

E. C. Boswell, of Geneva, for appellant.

J. N. Mullins and O. S. Lewis, both of Dothan, for appellees.

**GARDNER, Chief Justice.**

Plaintiff (appellant here) seeks to recover of the Register of the Circuit Court of Houston County, and the surety upon her official bond, damages which he claims to have suffered as a proximate result of malfeasance in office on the part of said register. Demurrers of the defendants were sustained to the original complaint, as well as to the complaint several times amended, with numerous grounds assigned. Thereupon, the plaintiff amended his complaint by substituting Counts A and B. To the substituted complaint defendants interposed demurrer, and assigned to each count thereof, separately and severally, all the grounds of demurrer theretofore "filed to the complaints of plaintiff in said case as of dates May 19, 1942, August 5, 1942, October 20, 1942, October 23, 1942, on file in this Court." The defendant surety interposed for itself additional grounds of demurrer.

The cause coming on to be heard upon the demurrers to the substituted complaint, the said demurrers were sustained. Thereupon, pursuant to Sec. 819, Title 7, Code 1940, plaintiff, because of the adverse ruling of the court in sustaining the demurrers of the defendants, took a nonsuit and appealed. In the motion for a nonsuit the plaintiff makes acknowledgment of the ruling of the court in sustaining the demurrers, and duly reserved an exception thereto.

■ But upon this appeal the argument is advanced that in fact no demurrers were interposed to the substituted complaint, based, we assume, upon the contention that the adoption by counsel, in seeking to interpose demurrers to the substituted complaint, of the demurrers theretofore filed on four separate dates was insufficient and to be ignored. These demurrers, with numerous stated grounds, were on file and readily to be ascertained. There was no objection made to this procedural matter. Indeed, we think the record clearly indicates that the plaintiff acquiesced therein and recognized that the demurrers had been properly considered by the court. In any event, in the absence of objection to this method of procedure, the demurrer is due to be so considered here. Louisville & N. R. Co. v. Hall, 131 Ala. 161, 32 So. 603.

Following plaintiff's motion for nonsuit on account of the adverse ruling of the court in sustaining the demurrer, a formal judgment was entered granting the motion and taxing plaintiff with the costs. From this final judgment the appeal is prosecuted. Coming to the merits of the case, it appears that the plaintiff, in Counts A and B—which are practically the same—complains of the register in two particulars. These counts disclose that plaintiff was called as a witness in a certain cause then pending on the equity docket in said circuit court, and that he made certain statements and answered certain questions propounded to him by the attorneys for the parties in the cause; that a short time thereafter the register, in her official capacity as such, dated back and issued a commission to one Linton C. Warren to take the deposition of plaintiff in said cause. And in the next particular plaintiff complained that the register presented, or caused to be presented, or allowed to be presented, the said commission to the grand jury, whereupon he was indicted for the crime of perjury and subsequently prosecuted therefor.

■ There are general averments by way of conclusion of the pleader that the acts charged to the register were unlawfully and maliciously, or, as stated in Count B, "wickedly" done. But the pleader purports to set out the facts, and the sufficiency of the complaint must be determined thereby rather than broad conclusions. And the complaint is also to be interpreted in the light of the well-known principle that public officers are presumed to do their duty and act in good faith (9 Ala.Dig., Evidence, ⊂⊃83(1), p. 78); and the further well-recognized principle that fraud is never presumed, but the facts on which the charge is based should be clearly stated. Steele v. Louisville & N. R. Co., 245 Ala. 113, 16 So.2d 416.

■ As to the presentation of the commission to the grand jury, it is proper, of course, to consider the weakest alternative in the complaint, which is to the effect that the register allowed this commission to be presented to the grand jury. For aught appearing, the commission was presented, either under order of the court or in answer to a summons therefor. But, in any event, the causal connection between the presentation to the grand jury and the alleged damage to plaintiff is not made sufficiently clear. For aught appearing, full facts as to the issuance and date of the commission were amply explained to the grand jury, and the indictment nevertheless returned.

■■ And coming to the claim on the part of the plaintiff of misconduct by the register in issuing the commission, we are persuaded the demurrer was likewise properly sustained. Under Sec. 475, Title 7, Code 1940, the parties to a cause may orally examine a witness before a commissioner, and in writing waive the issuance of a commission altogether, in which event the commissioner is authorized to administer the usual oath. And when depositions are taken by interrogatories, as provided in Article 6, Title 7, Code 1940, it was held by the Court of Appeals—and we think properly so—that the court may permit the register to amend the commission by entering its true date, it appearing that the opposing party had been given the required notice in which to file cross-interrogatories, and other requirements having been complied with. Boddy v. Continental Inv. Co., 18 Ala.App. 65, 88 So. 294. This is in line with the general rule, as found stated in 18 C.J. p. 648, as follows: "Failure to observe the requirements as to time of issue may be disregarded where no prejudice has resulted, or where the irregularity has been cured, or waived." See, also 26 C.J.S., Depositions, § 43. And this authority discloses that mere informalities or irregularities which do not substantially affect or prejudice the rights of the parties may be disregarded.

And in 18 C.J. p. 651, 26 C.J.S., Depositions, § 43, is the statement that the commission is not invalidated by the fact that it bears an erroneous date, where it appears that it was properly issued in fact.

■ Upon consideration of these demurrers, of course, the complaint must be construed most strongly against the plaintiff. So considered, it is entirely reasonable to assume that the parties may, in the first instance, have agreed upon depositions without a commission, as provided in Sec. 475, Title 7, Code 1940; and having discovered that the agreement was not in writing, the parties may have preferred, and so instructed the register, to issue a commission to Linton C. Warren, the person described in the complaint. Or, on the other hand, it may very well be assumed that the dating back of the commission as complained of may have been the true date of the appointment of Warren as commissioner, and the commission with its date have presented the true situation, all of which would negative any question of bad faith or fraud on the part of the register.

Indeed, in reading Counts A and B one is left in doubt as to whether or not the pleader intended to state whether he in fact appeared before Warren, the named commissioner, and so testified. He went as a witness in the cause. He made certain statements in answer to certain questions propounded to him by attorneys for the parties in the cause. But the pleader leaves in doubt the true situation as to the facts. All of this uncertainty renders the complaint bad on demurrer. There are grounds of demurrer taking this point.

For the reasons assigned, we are of the opinion the demurrers were properly sustained, and the judgment is due to be affirmed. It is so ordered.

Affirmed.

THOMAS, FOSTER, and STAKELY, JJ., concur.