163 So.2d 207

Shirley A. GREER

v.

Charles Patrick GREER.

6 Div. 966.

Supreme Court of Alabama.

April 9, 1964.

counsel for complainant agreed and counsel for the respondent stated: "From talking with my client, I definitely want to file a cross bill, and I will agree to go into any issue if I do have leave to do that." Counsel of complainant agreed to respondent counsel's statement, and the hearing on the bill for divorce, and on the petition for a writ of habeas corpus commenced.

After hearing the court entered a decree granting to the complainant a decree of divorce and awarded him the custody of the two minor daughters with visitation privileges accorded the respondent. No alimony nor solicitor fees were awarded respondent.

From this decree the respondent has perfected her appeal to this court.

Assignment of error No. 1 asserts error because of the court's action in consolidating in the trial below the petition for writ of habeas corpus, and the bill for divorce. Many of the issues in both pleadings were the same.

Ben F. Ray, Birmingham, for appellant.

Gordon Abele, Birmingham, for appellee.

HARWOOD, Justice.

On 7 December 1962, Charles Patrick Greer filed a bill of divorcement against Shirley A. Greer, on the grounds of adultery. In the prayer of the bill the complaint, in addition to praying for an absolute divorce, also asked for custody of the twin daughters of the marriage, aged three years.

On the same day the complainant filed a petition for a writ of habeas corpus seeking custody of the two daughters, who were at the time of the filing of the petition in the custody of Shirley Greer.

On 13 December 1962, the petition for the writ of habeas corpus was called for hearing. The court, stating that a divorce proceeding had been filed, stated it would insist that all issues between the parties be consolidated into one proceeding. To this

The power of a court of equity to consolidate suits, or hear such suits at the same time, is inherent or implied from its general power to make reasonable rules for the transaction and regulation of its business. Hagan v. Riddle, 209 Ala. 606, 96 So. 863; Evans v. Evans, 264 Ala. 2, 84 So. 2d 337. Further, the then counsel for appellant (counsel on appeal did not represent appellant in the trial below) agreed to the consolidation for trial of the two proceedings. No merit attaches to assignment No. 1.

Assignment No. 2 asserts error in the rendition of the decree because the respondent-appellant was not first required to file an answer to the complaint, and assignment No. 4 claims the same error because the record shows no service on the respondent-appellant.

The court below had jurisdiction of the subject matter and the parties before it and accordingly the want of pleading may be waived and the unsuccessful party cannot

later be heard to complain that no issue was arrived upon in the case, such objection being waived by the parties participating fully in the trial below, even to the extent of presenting a number of witnesses. Evans v. Evans, supra, and authorities cited therein.

Assignment of error No. 3 asserts error in the rendition of the decree because no final decree was rendered in the habeas corpus proceedings.

We find no merit in this contention. In the habeas corpus petition the petitioner, who was complainant in the divorce proceedings, sought custody of the two minor daughters of the marriage on the grounds that the respondent, in whose custody the children were, was unfit to retain their custody. This same issue was involved in part in the divorce proceedings, the complainant therein praying for custody of the children because of the unfitness of the respondent to retain their custody. In the consolidated hearing the habeas corpus proceedings were merged into that portion of the divorce trial relating to the custody of the children. In addition, this appeal is from the decree of divorce. This decree is in no wise dependent upon the rendition of a decree in the habeas corpus proceedings.

Assignment No. 5 asserts error in the rendition of the decree because the prayer for relief was not accompanied by a prayer for the issuance of process. Assignment No. 12 asserts such error in that no complaint was served upon the respondent-appellant.

The principles referred to in our discussion of assignments 2 and 4 are applicable to these assignments (5 and 12) and negative the validity of assignments 5 and 12.

Assignments No. 6 and 9 assert error in the rendition of the decree of divorce (assignment No. 6) and the award of custody of the children to complainant-appellee (assignment No. 9) because no note of testimony signed by the appellant or her solicitor appears of record.

It is not necessary to note any testimony given orally in open court before the judge. Equity Rule 57.

Assignments No. 10 and 11 relate to the court's action in denying appellant's motion to set aside the decree (assignment 10), and in denying appellant's application for a rehearing (assignment 11).

No appeal will lie from such order unless it modifies the decree. Equity Rule 62 and innumerable cases annotated thereunder.

The evidence presented below was ample in its tendencies to fully support and justify the court in its conclusions embodied in the relief granted. We see no useful purpose to be served in setting forth such evidence. Assignments No. 7 and 8 are therefore unavailing.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.