186 So.2d 722

Spencer C. JOHNSON et al.

v.

Jack GODIN.

3 Div. 212.

Supreme Court of Alabama.

March 31, 1966.

Rehearing Denied June 2, 1966.

Hill, Hill, Stovall & Carter, Montgomery, for appellants.

Ira DeMent, Montgomery, for appellee.

MERRILL, Justice.

This appeal is from a decree granting specific performance of a contract by ordering respondents to execute a deed to certain property to complainant. The decree construed a contract between the parties; and the most important effect of the decree was to decide which of the parties should lose the value of a new dwelling, destroyed by fire, which had been constructed by appellee for appellants on appellants' land.

Appellee was a builder of houses, and desired to acquire 1.3 acres of unimproved land in Montgomery which was owned by appellants, husband and wife. After some negotiations, and a developing friendship that included salutations on a first name basis, they entered into the following agreement on July 23, 1964:

"This agreement is made this 23rd day of July, 1964, by and between Jack Godin, hereinafter called Purchaser; and Spencer C. and Betty T. Johnson, hereinafter called Seller; and is made pursuant to the following terms and conditions:

"1. Sellers agree to convey by warranty deed to purchaser the following described property in Montgomery County, Alabama:

"(Legal description of the 1.3 acres.)

"2. Purchaser will pay One Hundred Dollars binder, which will also be the purchase price, the receipt of which is acknowledged by the Sellers. Purchaser will also give Sellers a note for $15,000.00 dated January 18, 1965, due on demand, together with an assignment of a life

insurance policy on the life of the Purchaser in the amount of $15,000.00 as collateral for the note.

"3. The Sellers shall have the option of having the above mentioned amount put into a home they are going to build at Hardaway, Alabama, starting on or about August 1, 1964, to be completed in 120 working days. Purchaser agrees in lieu of paying the note to do $15,000.00 worth of work, labor and materials on this job at an appraised evaluation."

The agreement was signed by Godin and the Johnsons.

Appellants notified appellee that they wanted a house built on land they owned at Hardaway in Macon County. He submitted a three bedroom house plan to them and they approved it. Construction began in August, 1964, and the house was substantially completed when it was destroyed by fire on November 6, 1964. It appears to be agreed between the parties to this cause that a defective valve in the gas heating system caused the fire.

At that time, appellants had never executed the deed to appellee for the 1.3 acres of land in Montgomery, although appellee had asked them for the deed many times after the agreement was signed.

Appellants' position was and is that appellee had promised to furnish them with the dwelling complete, capable of being lived in, and acceptable to them before they were obligated to execute the deed. And this being so, the loss of the building had to be borne by appellee.

Appellee's position was and is that he was entitled to the deed when appellants accepted the $100 binder, his note for $15,000 and the assignment of the $23,000 insurance policy as security for the payment of the note.

At trial, the only witnesses testifying were appellee, and appellant Spencer C. Johnson. The trial court, in a detailed finding of facts, conclusions of law and decree, found that the sale of the land was consummated when the $15,000 note and the assigned insurance policy were given to appellants and the deed was then due to have been delivered to appellee; that the contract was divisible, that the appellee had performed "every material condition, covenant and respect" of the optional method of paying the note by building the dwelling, that the appellants "were to procure fire insurance on the dwelling," that the appellants were the owners of a chose in action against the parties responsible for the fire that caused the destruction of the dwelling.

The decree divested the 1.3 acres from appellants to appellee; appellee was held to have complied with his contract; the note for $15,000 was ordered cancelled; and appellee's life insurance policy was ordered released and returned.

Appellants argue the application of the rule that when a contractor has contracted to construct a building in its entirety, and it is destroyed by fire prior to completion and delivery to the owner, the loss is the contractor's, citing Commercial Fire Insurance Company v. Capital City Insurance Company, 81 Ala. 320, 8 So. 222; National Fire Insurance Company of Hartford, Conn. v. Kinney, 224 Ala. 586, 141 So. 350; Cutcliff v. McAnally, 88 Ala. 507, 7 So. 331; Brumby v. Smith, 3 Ala. 123; Partridge v. Forsyth, 29 Ala. 200; 17A C.J.S. Contracts § 466(2), page 630.

The trial court made the following comment on this point: "The Court is cognizant of that line of cases cited by Respondents that hold that as a general rule the risk of loss is on the builder until completion or approval, where the contract is entire and the agreement is that there will be no payment until completion." But the court proceeds to show that the cited cases are not applicable because of the oral agreement between the parties that appellants were to procure and maintain fire insurance.

We cannot agree with appellants' contention that the finding of the court that the appellants agreed to furnish fire

insurance is "utterly without support in the evidence." The appellee's testimony, not denied by appellants, is that appellee asked Spencer C. Johnson several times if he had insurance and was assured approximately three times that he did. Appellee said that on one occasion he said: "Spencer, I am sending all of the appliances and the rugs and they will be here next week. I said, is the insurance taken care of, and he said yes, he told me, yes, that Mac (his brother who was in the insurance business) had taken care of it." It was stipulated that one Jamison Farror, not interested in the suit, would testify that he was present at the building site when appellee asked Johnson if he was sure he had taken care of the insurance on the house and Johnson replied that Mac had taken care of it. Johnson only remembered one specific conversation with appellee about insurance and did not "recall" any other incidents.

■ Appellants argue that the court changed the written contract by considering the insurance feature where the written contract was silent as to insurance. We do not so understand the decree. The written contract was to be performed in less than one year.

■ A written contract may, in the absence of statutory provisions requiring a writing, be modified by a subsequent oral agreement. Shriner v. Craft, 166 Ala. 146, 51 So. 884, 28 L.R.A.,N.S., 450, 139 Am.St.Rep. 19; Commercial Credit Company v. Perkins, 236 Ala. 616, 184 So. 178. And in the last cited case, the question of the admissibility of an oral agreement to secure insurance where the written contract was silent on the matter was presented. This court held that a jury issue was presented, and held that the oral agreement was not a modification of the written contract, but was in explanation of how the written contract was to be carried out and was admissible. We think the testimony as to the insurance was admissible and was entitled to be considered by the court. Appellants contend that they had no insurable interest until the dwelling was completed and delivered. Had they executed and delivered the deed as they should have, they would have had, of course, did have, an insurable interest under their cited cases of Commercial Fire Insurance Company v. Capital City Insurance Company, 81 Ala. 320, 8 So. 222, and National Fire Insurance Company of Hartford, Conn. v. Kinney, 224 Ala. 586, 141 So. 350. See also, Alabama Farm Bureau Mutual Insurance Company v. Nixon, 268 Ala. 271, 105 So.2d 643.

■ Appellants also argue that the deed to the 1.3 acres in Montgomery was not supposed to be delivered until the dwelling was completed in Macon County and accepted by them. We cannot agree. If this were so, there would have been no need for the giving of the note for $15,000 or the security. It is hardly reasonable that any builder would agree to build a dwelling on another's property, subject to the owner's approval and acceptance when completed, with no assurance of any pay for all the labor and materials, and in addition give his note to the owner for the value of the dwelling, plus security guaranteeing the payment of his note in case of his death. We think the trial court correctly held that the delivery of the deed was due at the beginning of the construction, not when the building was completed.

■ A reviewing court must indulge all reasonable presumptions in favor of the trial court's findings where evidence is heard ore tenus, and this court will not substitute its judgment for that of the trial court on the effect of conflicting evidence dealing with pivotal questions of fact. Howell v. Hallett Manufacturing Company, 278 Ala. 316, 178 So.2d 94; Rice v. Hill, 278 Ala. 342, 178 So.2d 168. We cannot say that the court's finding was plainly and palpably wrong or unjust.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.