213 So.2d 201

**ST. CLAIR INDUSTRIES, INC.**

v.

**HARMON'S PIPE AND FITTING COMPANY, Inc.**

**7 Div. 803.**

Supreme Court of Alabama.

July 11, 1968.

Bainbridge & Mims, Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, and Starnes & Holladay, Pell City, for appellant.

**468**

Maurice F. Bishop, Bishop & Carlton, and Wm. P. Jackson, Jr., Birmingham, for appellee.

KOHN, Justice.

The appellee (complainant) is an Alabama corporation with its principal place of business in Pell City, Alabama. The appellant (respondent) is a corporation with its principal place of business in Pell City, Alabama. Appellee (complainant) became the purchaser of certain land. At the time of its purchase, such property was subject to a first mortgage and a second mortgage, both of which were assumed by appellee (complainant) when it became the owner of such land.

The holder of the first mortgage foreclosed its first mortgage, and at such fore-closure sale the respondent corporation (appellant) purchased the property at the foreclosure sale. Subsequently, appellee (complainant) sought to redeem the property from the foreclosure of the first mortgage. The appellee (complainant) offered to pay all lawful claims and charges due pursuant to the original debt covered by the foreclosed first mortgage. But, as to the second mortgage that was on the property foreclosed, there is and was a dispute as to what amount must be paid. respondent (appellant) who purchased the second mortgage subsequent to the time the first mortgage was foreclosed, but prior to this action of appellee to redeem. When, on October 5, 1962, appellee (complainant) became the owner of this property, the recited consideration included the following:

"NOW, THEREFORE, IN CONSIDERATION of the assumption of the payment of the mortgage indebtedness to SMALL BUSINESS ADMINISTRATION in the amount of $113,570.00 as of March 15, 1962 and the interest thereon since said date to the date of the delivery of this conveyance and the execution of a note to I. J. Ginsberg, the holder of a second mortgage on the properties hereinafter conveyed and delivered in the amount of $55,071.27 which note is payable in four (4) annual installments —the first commencing on February 1, 1965 and each year thereafter until the full amount is paid with interest at the rate of six per cent (6%) per annum from date thereof (IJS) the receipt whereof is hereby acknowledged, the parties of the first part do hereby grant, bargain, sell and convey unto the party of the second part, the following described real property, to-wit: * * *"

On this same date, October 5, 1962, the appellee and Ira J. Ginsberg, mortgagee, owner of the second mortgage, executed another note, providing that the second mortgage indebtedness which was payable on a demand note should now be payable in four annual installments. The following is quoted from this extension agreement:

"WHEREAS, Ira J. Ginsberg is the holder of a mortgage on premises situated in and near Anniston, Calhoun County, Alabama, and at Pell City in St. Clair County, Alabama, which mortgage is recorded in the Office of the Judge of Probate in St. Clair County in Volume 100, Page 45, and in Calhoun County in Book 1033, Page 97;

"WHEREAS, said mortgage is to be extended in consideration of One Dollar and other valuable considerations each to the other in hand paid, it is agreed as follows:

\* \* \* \* \* \*

"(3) That the terms and conditions set forth in the mortgage recorded as hereinabove mentioned and described are herewith ratified, confirmed, approved, and unchanged."

On January 31, 1964, a written instrument was executed by Ira J. Ginsberg and appellee releasing another tract of property located in Calhoun County from the lien of the Ginsberg second mortgage. The following is quoted from this agreement:

"\* \* \* all of the other terms, conditions of the mortgage and the note agreement are herewith ratified, approved and confirmed and remain unaffected."

On June 5, 1965, SBA foreclosed its first mortgage dated February 1, 1957, and executed a foreclosure deed to the appellant who was the purchaser at the foreclosure sale.

On October 1, 1965, Ira J. Ginsberg executed a bill of sale conveying to appellant the second mortgage and note. The consideration paid was $15,000, although the then amount of the debt secured by the mortgage was $55,071.27. The following is quoted from the bill of sale:

"In consideration of the payment of Fifteen Thousand Dollars ($15,000.00), and other good and valuable consideration, receipt of all of which is hereby acknowledged, the undersigned, Ira J. Ginsberg, does hereby grant, bargain, sell and convey unto St. Clair Industries, Inc., its successors and assigns, that certain mortgage executed by Peerless Pipe and Foundry Company, Inc., a corporation, to Ira J. Ginsberg, on February 10, 1960, and recorded in the office of the Judge of Probate of St. Clair County, Alabama on February 12, 1960, in mortgage record volume 100 at page 45, in the original total amount of Sixty-five Thousand Dollars ($65,000.00) and Ira J. Ginsberg does hereby deliver and assign to St. Clair Industries, Inc., such mortgage, together with the indebtedness thereby secured, all notes executed in connection therewith, and the entire interest of the said Ira J. Ginsberg in and to the lands and property interest conveyed by such mortgage.

"Ira J. Ginsberg does hereby aver, certify and warrant that there is presently due under the mortgage hereinabove assigned the total sum of Fifty-five Thousand, Seventy-one and 27/100 Dollars ($55,071.27), together with interest thereon at 6% from February 1, 1962, down to the present date."

On May 31, 1966, the appellee successfully instituted this action to redeem the property from the foreclosure sale. The appellee's bill to redeem the property offered to pay all charges with regard to the first mortgage but refused to pay the full amount owed on the second mortgage. The court below upheld the position of appellee and ruled that the debt represented by the second mortgage had been settled for the price ($15,000) paid therefor by the appellant, St. Clair Industries, Inc. Appellant thereafter filed a motion for a rehearing which was denied by the court below. The court in denying this motion held that to allow appellant more than it had actually paid for the second mortgage would constitute unjust enrichment to it.

The appellant on this appeal does not question the right of the appellee to re-

deem the property, nor does it question the amount allowed it by the court below in regard to the foreclosure sale under the first mortgage. The appellant does contend, however, that the appellee should pay the full amount under the second mortgage.

The only issue, therefore, to be decided on this appeal is whether appellee, Harmon's Pipe and Fitting Company, Inc., should be required to pay the balance of the indebtedness due under the second mortgage and note thereby secured, or whether it is only bound to pay the $15,000 with interest paid by appellant, St. Clair Industries, Inc., when it purchased the second mortgage and note.

 In this case, the testimony was heard ore tenus by the court below. We are cognizant of the rule that in such situations there is a presumption as to the correctness of the trial court's findings of fact. Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471; Johnson v. Godin, 279 Ala. 443, 186 So.2d 722; Adams Supply Co. v. United States Fidelity & Guaranty Co., 269 Ala. 171, 111 So.2d 906; Richards v. William Beach Hardware Co., 242 Ala. 535, 7 So.2d 492. However, this presumption does not exist where the trial court erroneously applies the principles of law involved. Waters v. Merritt, 277 Ala. 346, 170 So.2d 492; Turner v. Turner, 251 Ala. 295, 37 So.2d 186; Murphree v. Hanson, 197 Ala. 246, 72 So. 437. Also, it is to be noted that even if there is a presumption in favor of the trial court's findings of fact, this court will reverse where the evidence does not furnish a sufficient basis for the trial court's decree. Baker v. Citizens Bank of Guntersville et al., 282 Ala. 33, 208 So.2d 601; Young v. Young, 262 Ala. 254, 78 So.2d 265. We are at the conclusion that in this case the trial court misapplied the principles of law involved, and that there is no evidence upon which the decree of the lower court can be based.

 The trial court rendered its final decree on June 2, 1967, and in this decree the court held that the $55,071.27 indebtedness due under the second mortgage had been settled for the sum of $15,000. This was the purchase price paid by appellant to Ginsberg. We find no evidence in the record to support this conclusion of the trial court, as the only testimony concerning any type of settlement was given by witness, T. L. Harmon, president of appellee corporation. The following question was propounded to Mr. Harmon on direct examination, with his answer thereto:

"Q. Prior to this purported foreclosure to the SBA mortgage did you have any conversation with I. J. Ginsberg, or his representatives as to a compromise or settlement to that note and indebtedness?

"A. Not the indebtedness?"

This clearly shows that the debt was not settled. However, even if it is conceded that there were some private negotiations between the appellee and Ira J. Ginsberg, in regard to a settlement, this would not be binding upon the appellant as a third party transferee. Stewart v. Stephenson, 243 Ala. 329, 10 So.2d 159; Cunningham et al. v. House, 212 Ala. 557, 103 So. 578. The appellee paid nothing to effect any compromise or settlement, and there is no evidence that the appellant was acting on behalf of appellee when it purchased the mortgage and note from Ginsberg.

██ ██ The only other ground given by the trial court as to why it disallowed the payment of the full amount of the indebtedness, due under the second mortgage, was that it would constitute an unjust enrichment in favor of appellant. We do not believe that the principle of unjust enrichment is applicable under the facts of this case. When appellee purchased the land, part of the consideration was the debt owed under the second mortgage. The appellant purchased the second mortgage, as it had a legal right to do, and it is demanding that the full amount under the mortgage be paid. We hold that where a party exercises a legal right, he is not subject to

liability for unjust enrichment to another party who has not been injured thereby. In this case, the appellee agreed to pay the full amount and would not be injured by having to do so.

The appellee also argued two other grounds for upholding the decree of the trial court. The first argument of the appellee is based upon the pleadings submitted in this case. The appellee contends that all pleadings in equity must be in writing and subscribed to by a party or his attorney; that, in this case, the appellant orally dictated an amendment to its answer, after the appellee had amended its bill of complaint at the beginning of the oral hearing; that this oral amendment cannot be considered as it was not in writing; and, that averments contained in the bill of complaint which are not denied by way of answer are confessed. Under this line of reasoning the appellee argues that, in its amended bill of complaint, it averred there was a novation of the indebtedness under the second mortgage, and that there had been a settlement of the indebtedness. And, as the appellant only dictated an oral amendment to its answer denying these allegations, these allegations should be taken as confessed, and the decree of the trial court should be upheld. This contention of the appellee is without merit.

■ The amendment to the answer of the appellant was dictated into the record in open court, and put down in writing by the court reporter. Even if it is conceded that it was not in writing, the contention of the appellee must fail. This court has held many times that where the court below has jurisdiction of the subject-matter and the parties before it, the want of pleading may be waived if there is no objection interposed. Greer v. Greer, 276 Ala. 421, 163 So.2d 207; Evans v. Evans, 264 Ala. 2, 84 So.2d 337; Gaines v. Harmon, 246 Ala. 307, 20 So.2d 503; Crabtree v. Davis, 237 Ala. 264, 186 So. 734. In Greer v. Greer, supra, there was no answer filed to the bill of complaint, and this was assigned as error on appeal. The court, in rejecting this ground of appeal, stated as follows:

"Assignment No. 2 asserts error in the rendition of the decree because the respondent-appellant was not first required to file an answer to the complaint, and assignment No. 4 claims the same error because the record shows no service on the respondent-appellant.

"The court below had jurisdiction of the subject matter and the parties before it and accordingly the want of pleading may be waived and the unsuccessful party cannot later be heard to complain that no issue was arrived upon in the case, such objection being waived by the parties participating fully in the trial below, even to the extent of presenting a number of witnesses. Evans v. Evans, supra, and authorities cited therein."

■ In this case, there was no objection to the pleadings raised by the appellee in the trial below, and the parties presented evidence in regard to all of the issues. We, therefore, hold that any objections to the form of the pleadings were waived and will not be considered for the first time on this appeal.

■■ The second argument of the appellee is that there was a novation. The appellee contends that the note from appellee to Ginsberg executed on October 5, 1962, constituted a novation of the old indebtedness of the second mortgage. It is appellee's contention that this second note was an unsecured obligation given in exchange for Ginsberg's $65,000 mortgage indebtedness against the property. We find no evidence to support this contention. In Friday Lumber Co. v. Johnston, 278 Ala. 661, 180 So.2d 259, the general rule in regard to what constitutes a novation is set out as follows:

"To establish a novation there must be (1) a previous valid obligation; (2) an agreement of all the parties thereto to a

new contract or obligation; (3) an agreement that it is an extinguishment of the old contract or obligation, and (4) that the new contract or obligation was a valid one between the parties thereto. Hopkins v. Jordan, 201 Ala. 184, 77 So. 710; Butler v. Walton, 36 Ala.App. 319, 56 So.2d 369. * * *"

In the present case, we find the requirement of (3), supra, is lacking. We have previously set out all the pertinent transactions involving this property. In these transactions, the parties made it quite clear that the second mortgage was still in effect. In the purchase agreement executed on October 5, 1962, the extension agreement executed on the same date, and the agreement to release the property in Calhoun County, executed on January 31, 1964, the parties clearly stated that the terms and conditions set forth in the mortgage were ratified, confirmed, approved and unchanged. Also, the verified bill of complaint, filed in the court below on May 31, 1966, averred that the appellees "also assumed the debt covered by the second mortgage to Ira J. Ginsberg, which said agreement is recorded in Vol. 112, page 293, Office of the Probate Court of St. Clair County, Alabama." These facts show that there was no novation and the parties expressly reaffirmed the indebtedness secured by the second mortgage.

The only other point of contention between the two parties is whether this debt is a lawful charge which must be paid in order for the appellee to redeem the property. We hold that under Title 7, § 732, Code of Alabama, 1940, Recompiled Code 1958, that this debt is such a charge. Title 7, § 732, supra, is as follows:

"Anyone entitled and desiring to redeem real estate under the provisions of this chapter must also pay or tender to the purchaser or his vendee the purchase money, with interest at the rate of ten per cent per annum thereon, and all other lawful charges, with legal interest, which are:

"1. Permanent improvements as prescribed in section 740 of this title.

"2. Taxes paid or assessed.

"3. *Any other valid lien or incumbrance paid or owned by such purchaser or his vendee, or any mortgagee of the purchaser to the extent of the amount necessary to redeem.* [Emphasis supplied.]

"4. If the redemption is made from a person who at the time of redemption owned the debt for which the property was sold, he must also pay any balance due on the debt, with interest thereon to date.

"5. A mortgagee of the purchaser, or his assignee of record is considered a vendee of the purchaser and a party redeeming must pay all mortgages made by the purchaser or his vendee on the land to the extent of the amount required to redeem the property. If there is any balance in excess of the indebtedness secured by the mortgages made by the purchaser or his vendee, the same must be paid to the purchaser.

"6. The purchaser shall be entitled to all rents paid or accrued to date of the redemption, and the rents must be prorated to such date. The purchaser or his vendee and his tenants shall have the right to harvest and gather the crops grown by them on the place for the year in which the redemption is made, but must pay a reasonable rent for the lands for the proportion of the current year to which such redemptioner may be entitled."

Under paragraph 3, of the above-quoted statute, this court has held that if the purchaser at a foreclosure sale under a first mortgage, is also the holder of a second mortgage on the property, the debt due thereon is a lawful charge and must be paid by the mortgagor when he redeems. Fonde v. Lins, 259 Ala. 553, 67 So.2d 834; Snead v. Dooley, 221 Ala. 598, 130 So.

222; Cramer v. Watson, 73 Ala. 127. In this case, the appellant was the purchaser at the foreclosure sale under the first mortgage. Although he purchased the second mortgage, after the foreclosure sale, he was the holder of the mortgage when this action to redeem the property was commenced. We, therefore, hold that, under Title 7, § 732, supra, the debt due under the second mortgage must be paid, and for the reasons heretofore given the full amount of $55,071.27 must be paid in order for appellee to redeem.

This judgment is, therefore, due to be, and hereby is, reversed and remanded to the lower court with instructions to enter a decree consonant with this opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.