BRADLEY, Judge.
This is a divorce case.
The present proceedings began in February 6, 1985, when John L. Watson instituted an equitable action in the Circuit Court of Mobile County against his commonlaw wife, Mary A. Watson, seeking an order requiring her to reconvey to him a joint interest in certain real property which he *147 held prior to 1976. The couple originally purchased the property, located at 279 Jackson Street in Mobile, Alabama, jointly with right of survivorship. In 1976 husband began to experience financial difficulties relating to a business failure. To prevent his creditors from executing upon the Jackson Street property, the couple agreed to obtain a divorce. The couple also agreed that husband’s interest in the property would be conveyed to the wife as a property disposition pursuant to their divorce.
After the couple’s 1977 divorce they continued to live together as man and wife in the Jackson Street house until January 1985. In January 1985 a violent argument occurred between the parties, and wife permanently left the home. On February 25, 1985 wife filed a petition for a rule nisi in the Circuit Court of Baldwin County to enforce the terms of the 1977 decree. Additionally, she sought injunctive relief to prevent the husband from harming her. On motion of husband, this proceeding was transferred to Mobile County Circuit Court. In response to wife’s motions the husband counterclaimed for divorce on November 25, 1985. On February 25, 1986 wife filed suit for divorce. Her complaint sought an award of alimony, as well as sole possession of the Jackson Street premises. She also sought to be named the beneficiary under her husband’s life insurance policy.
The Circuit Court of Mobile County, Alabama initially determined that a common-law marriage existed between the parties. In the subsequent divorce decree, the circuit court awarded the wife alimony in the amount of $65 per week, as well as exclusive use and enjoyment of the Jackson Street premises during her lifetime. Additionally, the circuit court ordered the wife to convey a joint interest with right of survivorship to the husband. Finally, the court ordered the husband to vacate the premises within ten days of the final order.
The husband contends the trial court committed three errors. Husband’s first contention is that the trial court erred in refusing to grant a jury trial on the issue of the property disposition. The husband next argues that the trial court abused its discretion in awarding lifetime possession of the property to his wife. Finally, husband contends the trial court abused its discretion in awarding his wife periodic alimony.
In support of his first contention, husband says that, regardless of the classification given his initial equitable action, he is entitled to a jury trial on the disposition of the family home. The wife asked for a jury trial on husband’s initial request that wife be required to convey to him an interest in the marital home.
In equity a party is not entitled to a jury trial as a matter of right to decide issues of fact unless it is provided by specific statutory or constitutional provisions. Ex parte Jones, 447 So.2d 709 (Ala.1984).
As noted above, the husband initially filed an equitable action seeking an interest in the marital home which was owned by the wife. Later, he filed a cross-bill seeking a divorce from his wife and an interest in the marital property. The trial court consolidated the proceedings, along with actions filed by the wife, granted the parties a divorce, and granted husband an interest in the marital property.
First, we note that the trial court had the authority to consolidate the husband’s actions. Greer v. Greer, 276 Ala. 421, 163 So.2d 207 (Ala.1964). Second, there is no statutory authority for a jury trial in a divorce case. See, § 30-2-1, Code 1975. Third, we have been cited to no authority nor have we found any authorizing a jury trial for the disposition of property in a divorce case. The trial court did not err in refusing husband a jury trial in the case at bar.
The husband’s next two contentions are that the trial court erred in awarding sole possession of the Jackson Street property to the wife for her life, and in award *148 ing periodic alimony to her. Factors to be considered by a court in making an equitable division of property and an award of alimony are the future prospects of the parties, their ages, health, station in life, the length of the marriage, and the parties’ conduct during the marriage. Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App. 1985). The record in the present case indicates that the wife is a sixty-two year old woman who began working for the first time only about five years ago. She earns less than $4.00 per hour. Additionally, the record shows that the wife left home over a year and a half ago as a result of the physical abuse she received from her husband. After she left home, Ms. Watson lived in a home for battered women for over four months before moving into an apartment with her daughter.
Prior to their separation, title to the Jackson Street property was in the wife’s name alone. The trial court, in its final decree, awarded the property to both parties as joint tenants with right of survivor-ship, and awarded the wife sole possession of the premises for the remainder of her life. In light of Ms. Watson’s age and tenuous financial status, and in light of the fact that Mr. Watson received the interest in the property which he originally sought, we cannot say that the trial judge abused his discretion in awarding possession of the premises to Ms. Watson. Williams v. Williams, 460 So.2d 1354 (Ala.Civ.App. 1984).
The husband also contends that the trial judge abused his discretion in awarding the wife alimony in the amount of $65 per week. Once again, considering Ms. Watson’s meager income and the fact that she is a sixty-two year old woman with few job skills and little work experience, we cannot say that the trial judge’s decision to award her alimony in the amount of $65 per week constituted a palpable abuse of discretion. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).
No reversible error having been successfully argued, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J„ concur.