300 So.2d 376

**Eunice Townsel HUMPHREY**

v.

**Elmus HUMPHREY and Douglas Eugene Humphrey, Individually and as co-executors, etc.**

**SC 789.**

Supreme Court of Alabama.

Sept. 12, 1974.

Keener & Cusimano, Gadsden, for appellees.

JONES, Justice.

This is an appeal from the decree of the Circuit Court of Etowah County granting the relief of complainants-appellees (Elmus and Douglas Eugene Humphrey, the children of the deceased, Roy Humphrey, by a former marriage) by declaring that the defendant-appellant (Eunice Townsel Humphrey) was not the wife of Roy Humphrey at the time of his death, enjoining her from further occupying the residence of the deceased, and finding that the plaintiffs (children) are the heirs at law as well as by the last will and testament of Roy Humphrey.

The issue before us is clearly focused by the opposing contentions of the parties. Appellant, claiming to be the widow of Roy Humphrey, deceased, contends that notwithstanding the divorce between them on July 31, 1973, a common-law marriage was subsequently consummated, and that the parties were man and wife at the time of Humphrey's death on December 21, 1973, thus entitling her to the use and occupancy of the residence. The children of Humphrey contend that the trial Court's

Hubert L. Taylor, Gadsden, for appellant.

**120**

decree is supported by competent evidence to the effect that no common-law marriage existed between their father and the appellant at the time of their father's death.

■ Within the context of our scope of review in such cases the issue can be simply stated: Does the record before us reveal any competent testimony to sustain the trial Court's final decree [1] finding that no common-law marriage existed between appellant and the deceased at the time of his death? We answer this question in the affirmative. The final decree and judgment of the trial Court are affirmed.

■ A short recital of the pertinent facts follows: Eunice and Roy Humphrey were divorced on July 31, 1973, and he died on December 21, 1973. During this period they continued to live together (and thus she claims by common law they again legally became man and wife). Though she was observed with Roy in his home on numerous occasions, it was general knowledge in the community that they had been divorced. Eunice told a close friend that they would remarry on Christmas Eve. Eunice bought a new car but had it registered in the name of Eunice W. "Townsel" rather than "Humphrey" and at her home address rather than that of Roy's. During that same period she signed a bail bond for the deceased using the same aforementioned name and address.

From these facts, the trial Court's ruling must be affirmed in light of the favorable presumption attending a trial court's findings on competent evidence. Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471 (1966); Johnson v. Godin, 279 Ala. 443, 186 So.2d 722 (1966); Adams Supply Company v. United States Fidelity and Guaranty Co., 269 Ala. 171, 111 So.2d 906 (1959); Richards v. William Beach Hardware Co., 242 Ala. 535, 7 So.2d 492 (1942).

The case of Turner v. Turner, 251 Ala. 295, 37 So.2d 186 (1948), dealing with a strikingly similar fact situation, sets forth the legal proposition dispositive of this appeal.

■ The couple in *Turner,* supra, were ceremoniously married but were divorced a few months later. They then began to cohabit until he was killed six months later. The Court stated the controlling law by saying that there must be mutual understanding to *presently* enter into the marriage relationship, permanent and exclusive of all others, after which there is public recognition of the circumstances of the common-law marriage. But that is not the situation here presented to us for the record clearly indicates that Eunice and Roy, like the couple in *Turner,* did not have a present intention to again become man and wife since they had already previously agreed to ceremoniously remarry in the future. Furthermore, cohabitation standing alone is not sufficient to supply the requisite mutual assent required for the common-law marriage; there must be words of present assent.

"Alabama does not recognize trial marriages. Marriage, common-law or ceremonial, is not transitory, ephemeral, or conditional, but contemplates a present, permanent status. An expression of intention to marry in the future, followed by cohabitation, does not create the common-law marital status." *Turner,* supra, at p. 297, 37 So.2d at p. 188.

We therefore reach the inescapable conclusion that there was competent evidence from which the trial Court could find that no common-law marriage was consummated between the time of the divorce and the time of testator's death, nor are we persuaded that the trial Court's holding is palpably wrong or manifestly unjust.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.

---

1. For a concise statement as to the scope of review rule, see Sterling Oil v. Pack, 291 Ala. 727, 287 So.2d 847, at p. 864 (1973).