These are two cases consolidated on appeal. The first appeal is by American Home Assurance Company from a partial summary judgment, with the required Rule 54 (b), ARCP, order, entered in favor of Harry D. Hardy, in an action filed by Hardy to enforce payment to him, under a legal malpractice insurance policy, of monies he had paid in settlement of claims against him. The second appeal is by American Home from a denial of its petition to set aside a default judgment taken by Hardy against it in a declaratory judgment action. We affirm both judgments.
 Issue
Should the trial court have set aside the default judgment against American Home and allowed it to have a trial on the merits concerning Hardy's coverage under the malpractice insurance policy?
 The Facts
Hardy had been insured by American Home for several years. Actions based on fraud and negligence were filed against Hardy in both federal and state courts by several parties. Hardy notified American Home of the suits; and American Home, through its agent John Seamen, disclaimed coverage and refused to defend Hardy in any of the lawsuits. Hardy and American Home engaged in negotiations regarding coverage under the malpractice policy. On 13 October 1977, Hardy filed a declaratory judgment action against American Home asking for a declaration that American Home had a duty to defend him in any actions brought against him arising out of his performance of professional services for others in his capacity as an attorney-at-law and to pay any judgments rendered against him arising out of such actions. American Home was properly served on 21 October 1977.
Negotiations concerning the settlement of the suit were conducted by the parties after Hardy filed the declaratory judgment action. On 22 November 1977, Hardy's attorney sent American Home's agent a confirmation letter citing settlement terms agreeable to Hardy and stating that a copy for signature and return by the agent of American Home was enclosed. There was no response to that letter. On 13 December 1977, Hardy's attorney sent a letter to American Home's agent stating that an answer was expected to the declaratory judgment action since American Home had not responded to the 22 November 1977 correspondence. On 22 December 1977, Hardy took a default judgment against American Home since it had never filed an answer. On 6 January 1978, American Home sent Hardy a letter stating that the terms listed in the letter of 22 November 1977 were not agreed to and there was no settlement agreement. Hardy's attorney did not inform American Home of the default judgment.
In the meantime, Hardy and his attorney settled the actions pending against him by the payment of the sum of $65,000.
On 30 March 1978, Hardy filed an action against American Home seeking judgment for the sum of $76,744.55, including the $65,000 paid by him in settlement of the prior pending actions. He filed a motion in that action for partial summary judgment for the sum of $65,000. That motion was granted and partial summary judgment was entered in behalf of Hardy in the latter amount.
American Home filed a petition to set aside the default judgment against it and for an order staying all other proceedings. An order staying Hardy's action for reimbursement was entered and a hearing conducted on the petition to set aside the default judgment. The petition was denied.
 The Decision
The success or failure of American Home's appeals depends on whether the trial court was correct in denying American Home's Rule 60 (b), ARCP, motion to set aside the default judgment in the declaratory judgment action. We find the trial court was well within its discretion in denying the motion to set aside the default judgment *Page 712 
and, therefore, was also correct in rendering summary judgment in favor of Hardy.
In Raine v. First Western Bank, 362 So.2d 846 (Ala. 1978), this court stated:
 "* * * It is equally well-settled that the denial of a 60 (b) motion does not bring up for review on appeal the correctness of the judgment which the movant seeks to set aside, but is limited to deciding the correctness of the order from which he appeals. * * *"
Moreover, in Raine it was stated that the party seeking to set aside a default judgment on 60 (b) grounds must: (1) prove one of the grounds set out in the rule; and (2) allege and prove a meritorious defense to the action. While American Home may have demonstrated a meritorious defense at the hearing on the motion, it did not meet the first requirement of showing any proper ground for setting aside the declaratory judgment; therefore, the trial court properly exercised its discretion in refusing to set it aside. See Raine, supra.
One of American Home's major contentions is that the default judgment should be set aside under Rule 60 (b)(3), ARCP: "* * * fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party * * *." The evidence American Home produced at the hearing fell far short of showing any fraud or misconduct on the part of Hardy in and about the taking of the default judgment. In fact, all the evidence really disclosed was that American Home was dilatory when it failed to obtain legal counsel to represent it in the declaratory judgment action. As a result an answer was not filed and default judgment was entered. Under those facts setting aside the judgment would not be justified. The evidence further indicates the trial court was within its discretion in finding that the judgment should not be set aside on the basis of mistake or neglect under Rule 60 (b)(1), ARCP.
American Home's other major contention is that one trial judge erred to reversal because he issued the partial summary judgment based on evidence taken by another trial judge. While we observe that it is an unusual procedure, we cannot say it is reversible error when the judge making the ruling had the evidence before him which had been presented to the other judge at the hearing on the motion for partial summary judgment. It is obvious from the record that the grant or denial of Hardy's motion for partial summary judgment was dependent on the existence and validity of the default judgment against American Home. It is clear, based on the oral and documentary evidence introduced at the summary judgment hearing, that Hardy was entitled to summary judgment in the amount of $65,000 if the default judgment was allowed to stand.
American Home makes various other arguments in support of reversal. None have merit and therefore need not be addressed.
The judgments in these cases are due to be, and are hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.