A motion to set aside a final judgment on the basis of newly discovered evidence is here involved.
Barbara and Floyd Hudson were married in 1970. On December 2, 1980, the trial court divorced them, and, in the judgment, it approved their agreement. Twenty days later, Floyd filed a motion to set aside the divorce judgment, but, after an evidentiary hearing, the trial court on January 13, 1981 denied that motion. Floyd filed a motion to reconsider on January 16, and, on February 17, he filed another motion to reconsider, or, in the alternative to set aside the divorce judgment and grant a new trial based upon newly discovered evidence. He averred that, since the rendition of the divorce judgment, he discovered that the parties had never been legally married since, at the time of their marriage, Barbara was still married to one Goins.
Goins and his mother were the only witnesses to testify at the hearing before the trial judge upon the February 17 motion. In reviewing the tendencies of the evidence which lend support to the judgment of the trial court, we note the following. Goins and Barbara were divorced in Florida in 1965, but they lived together thereafter in Miami and later in Mobile. It does not appear from the evidence as to when such cohabitation commenced. On many occasions Goins asked Barbara to remarry him, but she consistently refused, saying "not at the present time." They did not file joint income tax returns. In the Florida divorce, Barbara's maiden name was not restored to her, and she had no other name to use but Goins, which was also the last name of her children. Goins stated that, when they were living together, he did not know whether Barbara considered that she was married to him. Goins does not now contend that Barbara is presently his wife although they were not divorced after 1965. Other evidence of Goins supported some aspects of Floyd's motion. To Goins' mother's knowledge, Goins and Barbara had not remarried.
The trial court overruled Floyd's motion, hence this appeal.
As a general proposition, three elements must exist in order to constitute a valid common-law marriage: there must be (1) capacity, (2) present agreement or consent to be husband and wife, and (3) consummation. Piel v. Brown, 361 So.2d 90 (Ala. 1978). That case discusses those components at length and it summarized the second element in this manner: "In all cases then, the question is whether the evidence discloses facts manifesting a mutual intention by the parties to be man and wife. This manifestation must show present intention, not anintention to marry in the future. (Citations omitted.)"
In this case, the evidence does not disclose a mutual intent by Goins and Barbara to marry after their 1965 divorce. To the contrary, she consistently refused to remarry him. There was no evidence of her present intent to remarry Goins. Even if she had an intention to marry in the future, that would be inadequate. A mere resumption of cohabitation between former spouses after their divorce does not, in itself, establish a common-law marriage, for the parties must also manifest a mutual intent to be man and wife. Humphrey v. Humphrey,293 Ala. 118, 300 So.2d 376 (1974).
When testimony is taken ore tenus before the trial court, that court's factual decision is presumed to be correct and will be sustained upon appeal unless it is either clearly and palpably wrong, without supporting evidence, or manifestly unjust. As was stated in Humphrey v. Humphrey, supra, "[f]rom these facts the trial Court's ruling must be affirmed in light of the favorable presumption attending a trial court's findings on competent evidence. (Citations omitted.)"
The granting or denial of a motion to set aside a judgment because of newly discovered evidence is a matter largely *Page 84 
within the discretion of the trial court, and, unless it is plainly shown to have abused its discretion, that court's decision upon such a motion will not be disturbed on appeal. Motions are not favored which seek to set aside judgments because of the discovery of new evidence. Pace v. Jordan,348 So.2d 1061 (Ala.Civ.App. 1977), cert. denied, 348 So.2d 1065
(Ala. 1977). We find no abuse of discretion in this case.
Additionally, newly discovered evidence is that which was not known at the time of the trial and could not have been discovered by due diligence in time to move for a new trial. A.R.C.P., rule 60 (b)(2). The burden is on the movant to prove not only that such newly discovered evidence is now available, but, also, that such evidence, through due diligence, was not discoverable in time to seek a new trial. Gallups v. UnitedStates Steel Corp., 353 So.2d 1169 (Ala.Civ.App. 1978). There is no evidence as to when the evidence was discovered by the husband, and naked factual allegations of such without proof thereof will not suffice.
We affirm.
The wife has requested an allowance of an attorney's fee upon this appeal. Such request is granted and the appellant shall pay the sum of $350 to the attorneys of record for the appellee.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.