WRIGHT, Presiding Judge.
This appeal originally involved both a denial of modification of alimony in gross and a judgment against appellant for arrearage in payment of that alimony. A motion to dismiss the appeal from those orders as untimely was granted by this court August 25, 1981. The sole issue left on appeal is whether the trial court erred in its denial of a Rule 60(b)(2), A.R.C.P. motion. We find no error and affirm.
The parties were divorced October 30, 1975. The decree, which incorporated an agreement by the parties, awarded the wife $500 per month periodic alimony and $50,-000 alimony in gross. The alimony in gross was to be paid $5,000 per year for a period of ten years without interest. The order set out that “The gross alimony recited in this provision of this decree shall immediately vest and shall not be subject to modification by this court at any subsequent time.”
On the same day, the parties entered into another agreement not adopted by the trial court which provided that the husband could pay the alimony in gross via a salary from his corporation, Garland Company. The out-of-court agreement was carried out until the corporation ceased to function in 1980. On July 15, 1980, the husband filed a petition for modification of the divorce decree which he subsequently amended on September 4, 1980. His amended petition asked the court to determine that he no longer owed alimony in gross payments to the wife since the corporation, through which the payments were funded, was now defunct. The trial court refused to modify the original decree and entered a judgment for $2,497.02 arrearage against appellant on December 1, 1980. No appeal was taken within the statutory period.
A motion, specifically designated a Rule 60(b)(2), A.R.C.P. motion, was filed by the husband December 24, 1980. The trial court denied that motion February 26, 1981. The husband appealed April 9, 1981, from the judgment of December 1, 1980, and from the denial of the Rule 60(b) motion. We have sustained a motion by appellee to dismiss the appeal from the December 1 judgment as untimely.
A Rule 60(b) motion does not affect the finality of a judgment and thus does not extend the time for appeal. Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117 (Ala.1977). Thus the filing of the 60(b)(2) motion in no way changed the finality of the December 1,1980 orders in this ease, and those orders will not be reviewed in any way by this court. The remaining issue is whether the trial court erred in denying the December 24, 1980, 60(b) motion.
The grant or denial of a 60(b) motion lies largely within the discretion of the trial court and will be overturned only for abuse of discretion. Waldron v. Fikes, 378 So.2d 1138 (Ala.Civ.App.1979). Motions to set aside judgments on the basis of newly discovered evidence are not favored. Wal-dron, supra. The record fails to sustain the averment of newly discovered evidence. We find no error in the trial court’s denial of the 60(b)(2) motion.
No attorney’s fees will be awarded on appeal since the case on the 60(b) motion is essentially separate from the divorce action and attorney’s fees are not authorized.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.