Defendant City of Daphne appeals from a decree adverse to it in an action brought by the plaintiffs alleging negligence and nuisance, and requesting both damages and injunctive relief. The case was tried to a jury which returned a verdict awarding no damages but from which the trial court found the City of Daphne "responsible for correcting drainage problems in the Magnolia Avenue and Old County Road area."
The gist of the plaintiffs' allegations was that the City negligently, wilfully or wantonly drained or diverted collected surface waters through its system of ditches or culverts so as to proximately cause damage to the plaintiffs' real property. Following an evidentiary hearing and the jury verdict, the trial court entered a decree incorporating certain findings of fact. Among these were the facts that the City of Daphne maintained two culverts which channeled collected waters across the plaintiffs' property nearby without an easement therefor, that the City had created these problems, and that the City's conduct constituted a continuing trespass and a private nuisance. The decree enjoined the City from collecting or diverting surface waters in a manner allowing them to flow onto plaintiffs' property, directed the City to install within six months structures to prevent such drainage, and directed the City to show cause why such structures could not be completed in six months if that proved to be the case within four months from the date of the decree. Jurisdiction was retained, and costs were taxed to the defendant.
The plaintiffs have moved to dismiss this appeal on jurisdictional grounds, maintaining that the trial court failed to dispose of the first post-trial motion within 90 days of its filing, and therefore this appeal was untimely, computing the 42-day requirement of Rule 4, ARAP, from the end of the 90-day period. Rule 4 (a)(3), ARAP. The defendant, however, does not join issue with that position, but contends that its appeal is based upon its second motion to *Page 10 
vacate judgment under Rule 60 (b)(6), and inferentially that its notice of appeal from the trial court's order denying the Rule 60 (b)(6) motion was filed in accord with the time requirements for taking an appeal.
The defendant's second motion to vacate judgment
 moves this Court under Rule 60 (b)(6) to relieve the defendant . . . from the entry of Judgment made by this Court in this action. As grounds for said motion the defendant claims that the Judgment is not authorized by the evidence nor by the verdict of the jury. . . . [Emphasis added.]
 Under Rule 60 (b), ARCP, the court may relieve a party or his legal representative from a final judgment . . . for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment. . . . A motion under this subdivision does not affect the finality of the judgment or suspend its operation. . . .
The only issue on an appeal from the denial of a Rule 60 (b) motion is whether the trial court abused its discretion in denying the motion. See Maddox v. Druid City Hospital Board, Ala., 357 So.2d 974 (1978). The issue upon review, then, concerns only the order of denial and does not involve the correctness of the underlying judgment itself. American HomeAssurance Co. v. Hardy, Ala., 378 So.2d 710 (1979); Cockrell v.World's Finest Chocolate Co., Ala., 349 So.2d 1117 (1977).
It can readily be observed that here the defendant's appeal from the denial of its Rule 60 (b)(6) motion is not an attack on the order of denial itself but upon the merits of the judgment, since the motion attacks only the evidence and the jury verdict. Thus the defendant is in effect utilizing Rule 60 (b) as an appeal from the final judgment, which is not permitted under our rules. Rule 60 is not a substitute for an appeal. Marsh v. Marsh, Ala.Civ.App., 338 So.2d 422 (1976). The defendant's argument is that the trial court was not authorized to find a continuing trespass because none was pleaded and the jury was not instructed on the law of trespass. Moreover, the defendant argues that, under the jury verdict, the trial court was not authorized to find that a nuisance had been maintained by the City and thus it was error to enjoin the City. We must respectfully point out that each of these contentions could have been raised by way of appeal. The record discloses that at the conclusion of the evidence the defendant moved for a directed verdict as to each alleged cause of action. That motion was granted as to the plaintiffs' count of wanton conduct and denied as to all others. Such an attack upon the evidence could have been preserved by a motion for judgment N.O.V. and then later by appeal, see Great Atlantic PacificTea Co., Inc. v. Sealy, Ala., 374 So.2d 877 (1979), and questions concerning the propriety of jury charges, as well as the correctness of the jury verdict, could have been presented by appeal as well. The defendant did not choose to file a motion for a new trial or for a J.N.O.V. or an appeal, however, but only a Rule 59 (e) motion to vacate judgment, not now insisted upon, and a Rule 60 (b) motion. Again, we must reiterate that the denial of the latter motion "does not bring up for review on appeal the correctness of the judgment which the movant seeks to set aside, but [the appeal] is limited to deciding the correctness of the order from which he appeals."Hardy, supra, quoting Raine v. First Western Bank, Ala.,362 So.2d 846 (1978).
Rule 60 (b)(6) is an extreme remedy to be used only under extraordinary circumstances. Gallups v. United States SteelCorp., Ala.Civ.App., 353 So.2d 1169 (1978), and
 is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal. [Wright and Miller, Federal Practice and Procedure, § 2864 at 214-15.] *Page 11 
Since the defendant's use of the Rule 60 (b)(6) motion was an attack upon the evidence and the jury verdict, it was a substitute for an appeal and a use not authorized by that rule. Thus we have no alternative but to affirm the judgment of the trial court.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.