This appeal comes to us from the Circuit Court for DeKalb County. Head Springs Cemetery Association, Incorporated (plaintiff), commenced an action on August 31, 1979, against Khomer Beaty, Betty Jean Beaty, and members of the Head Springs *Page 1127 
Primitive Baptist Church of Christ (collectively we will refer to the Beatys and members of their church as "defendants"). Plaintiff sought a declaratory judgment decreeing that defendants had no interest in certain disputed property, an injunction prohibiting defendants from using the property, and an award of damages against them. The trial court, sitting without a jury, heard the testimony and held that plaintiff was the record title holder to all the property except the church and one acre upon which it is located. As to the church and its one acre, the trial court found that defendants had better title than did plaintiff. Defendants timely sought post-judgment relief under Rule 60 (b)(2), Alabama Rules of Civil Procedure, alleging newly discovered evidence. The trial court denied defendants their requested relief. This appeal then followed.
The dispositive issue on this appeal is whether the trial court abused its discretion in denying defendants' Rule 60 (b)(2) motion. We hold that it did not, and we, therefore, affirm.
Khomer Beaty is the pastor and moderator of the Head Springs Primitive Baptist Church of Christ (church). His wife, Betty Jean Beaty, is the clerk. Reverend Beaty testified that he began the church in 1977, with a membership consisting of his wife, their two daughters and him. At trial, Rev. and Mrs. Beaty represented themselves and the church. An attorney did not appear for the defendants until after the Beatys filed their Rule 60 (b)(2) motion.
Plaintiff is a non-profit corporation. Witnesses on behalf of plaintiff testified that it and its predecessor is an organization that cares for the cemetery and church building located on the disputed property. Plaintiff contends that its title to the property derives from the trustees of a cemetery organized about 1900, and also by prescription and adverse possession. At trial plaintiff introduced into evidence a deed in support of its claim. The deed was executed on October 21, 1908, by Fred G. Lockwood and Lora Lockwood to trustees for the cemetery. It was not recorded until June 9, 1931. Apparently, the description in the deed encompassed part of the disputed property.
After judgment was entered, defendants found a deed which they contend vests title in them to a larger part of the property. The newly discovered deed was also executed by the Lockwoods on October 21, 1908, and also recorded on June 9, 1931. This deed conveyed part of the property in dispute to trustees for the Head Springs Primitive Baptist Church (a different entity from Head Springs Cemetery Association, Incorporated). The newly discovered deed was recorded in the DeKalb County Probate Court in book 69, page 577, just one page before the Lockwood deed relied upon by plaintiff at trial. In preparation for trial the Beatys had conducted their own title search in spite of the fact that they were unfamiliar with the procedure for searching titles. At the hearing on the Rule 60 (b)(2) motion, Rev. Beaty acknowledged on cross-examination that prior to trial he was aware of the deed relied upon by plaintiff.
 Q. And, getting back to this last deed that your attorney mentioned, the deed from Fred Lockwood and his wife to some people, purporting to be trustees, as you said, of the cemetery, or for cemetery purposes. Now, that particular deed, I believe you said, was on the next page to the one you offered as Exhibit A today, is that right?
A. Yes.
 Q. And, that deed, then, or a copy of it, you had been furnished in the preliminaries leading up to the trial?
A. Yes, sir.
 Q. When you all, as defendants, requested that me and my clients furnish you with whatever we were going to use, is that correct?
A. Yes, sir.
 Q. And, you had in possession, well before trial, a deed, or a copy of a deed from the Lockwoods to the cemetery, showing not only when the deed was made, but who signed it, and when and where it was recorded? *Page 1128 
A. Yes, sir.
 Q. And, did you following that, following the time that you were given that deed, did you then go and search the records to see if the Lockwoods had made any other deed?
A. I had no reason to believe the Lockwoods had.
Q. Did you do that?
A. Subsequent to the trial I did.
Q. But, you didn't do it before the trial?
A. No, sir.
 Q. But, you learned at that time that the Lockwoods did own the property, or some property in the neighborhood where the church and cemetery is that is in controversy?
 A. No, sir, not — I learned that the Lockwoods had their name on this deed, but I had no reason to believe they owned any other land.
On this appeal defendants argue that their Rule 60 (b)(2) motion was due to be granted because the newly discovered deed established title in them to part of the disputed property. Defendants also argue, in effect, that their title search was diligent and that they should be excused for their inability to find a deed not recorded until 23 years after its execution. Assuming, without deciding, that the newly discovered deed would vest title to part of the property in defendants which was held by the trial court to belong to plaintiffs, we cannot agree that defendants were diligent in discovering the deed upon which they rely. In pertinent part, Rule 60 (b) provides:
 Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b). . . .
It has been said that "the burden is on the moving party to show that he has such `newly discovered' evidence and why through due diligence it was not discovered in time to seek a new trial under Rule 59, ARCP." Gallups v. United States SteelCorporation, 353 So.2d 1169 at 1172 (Ala.Civ.App. 1978), citing Plisco v. Union R.R., 379 F.2d 15 (3d Cir. 1967). "Motions to set aside judgments on the basis of newly discovered evidence are not favored." Garland v. Garland,406 So.2d 415 (Ala.Civ.App. 1981); Hudson v. Hudson, 404 So.2d 82
(Ala.Civ.App. 1981); Pace v. Jordan, 348 So.2d 1061
(Ala.Civ.App. 1978). The grant or denial of a motion under Rule 60 (b), A.R.C.P., is discretionary with the trial court and we will not disturb its judgment on appeal absent an abuse of that discretion. City of Daphne v. Caffey, 410 So.2d 8 (Ala. 1981);Pierson v. Pierson, 347 So.2d 985 (Ala. 1977); Garland v.Garland, supra; Hudson v. Hudson, supra.
The instant facts lack a showing of diligence by the Beatys. Although the deed upon which they rely was recorded 23 years after its execution, that fact alone would not excuse them for failing to find it before trial. Had they searched the direct (grantor) index, they would have located it. But a more compelling reason establishing their lack of diligence is the fact that they were aware the Lockwoods executed at the same time another deed (relied upon by plaintiff) affecting a part of the disputed property, which was not recorded until 23 years later in 1931. In fact, as noted above, the two Lockwood deeds were recorded on consecutive pages in the same book. Under the circumstances, we cannot say that the trial court abused its discretion in denying defendants' motion. We affirm its judgment.
Next, we observe that plaintiff purports to appeal from that part of the trial court's judgment encompassing the finding that defendants had a better right to possession of the church and its acre. Our review of the record reveals that plaintiff never perfected an appeal. Therefore, it cannot argue for relief from that part of the trial court's judgment which is adverse to it. In the absence of taking an appeal, an appellee may not cross-assign error. Mutual Savings Life Ins. Co. v. *Page 1129 Montgomery, 347 So.2d 1327 (Ala. 1977); Boswell v. SamsonBanking Company, 368 So.2d 547 (Ala.Civ.App. 1978), cert.denied, 368 So.2d 552 (Ala. 1979).
Similarly, we decline to consider defendants' arguments concerning the trial court's judgment of April 21, 1980, in which it rendered a decision on the merits of the case. Defendants did not appeal until March 31, 1981. That was beyond the 42 day time limit for perfecting an appeal under Rule 4, Alabama Rules of Appellate Procedure. Their appeal was timely only as to the trial court's judgment on the Rule 60 (b)(2) motion. That judgment was rendered on February 17, 1981. An appeal from the denial of a Rule 60 (b) motion does not bring up for review the correctness of the underlying judgment. Cityof Daphne v. Caffey, supra; American Home Assurance Company v.Hardy, 378 So.2d 710 (Ala. 1979); McNutt v. Beaty,370 So.2d 995 (Ala.Civ.App. 1978), rev'd on other grounds, 370 So.2d 998
(Ala. 1979); Marsh v. Marsh, 338 So.2d 442 (Ala.Civ.App. 1976).
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.