HOLMES, Judge.
This is a divorce case.
The husband sought relief from a divorce decree pursuant to rule 60(b), A.R.Civ.P. After an ore tenas hearing the trial court denied the relief sought. The husband through able counsel appeals and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in denying the relief sought. We find no such abuse of discretion and affirm.
We do not deem it necessary or prudent to set out in detail the facts surrounding this appeal. Suffice it to say the parties were divorced in February of 1976. In November of 1980, the aforementioned rule 60(b) motion was filed.
The basis of the 60(b) motion, the ore tenus hearing, and the appeal is the husband’s contention that he did not have proper notice of the divorce hearing. The husband therefore contends that the divorce decree is due to be set aside.
The husband specifically contends that his attorney withdrew from the divorce action and that, as a result, he had no notice of the upcoming divorce hearings.
The record reveals evidence that the husband did in fact receive notice of the hearing; that he refused to communicate with his attorney; that the attorney notified the husband that he was withdrawing from representation if the husband did not respond.
We note that the husband’s 60(b) motion appears to be untimely. It is not clear what grounds the husband’s petition is based upon. If the motion is viewed as a 60(b)(1), (2), or (3) motion it is untimely as the petition was filed some four years after entry of the judgment. Furthermore, under the circumstances of the instant case, four years could be considered unreasonable if 60(b)(4), (5), or (6) are applicable. See Rule 60(b), A.R.Civ.P.
In any event, the trial court has wide discretion in determining whether to grant relief on a motion for relief from a judgment and the trial court cannot be reversed on appeal absent an abuse of such discretion. Garland v. Garland, 406 So.2d 415 (Ala.Civ.App.1981).
In view of the evidence presented as indicated above, we find no such abuse of *647 discretion. Put another way, there is evidence that the husband had notice of all pertinent hearings; that his attorney informed the husband of such hearings; and that the attorney for the husband withdrew only after the husband failed to communicate with his attorney.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.