HOLMES, Judge.
This appeal concerns three lawsuits filed by the same plaintiff against the same defendants. In the instant appeal plaintiff, through able counsel, contends the trial court erred in denying his A.R.Civ.P. rule 60(b)(6) motion for relief from the final judgment entered in the second lawsuit. Finding no abuse of discretion in the lower court’s action, we affirm.
Plaintiff C & S Construction Company filed its first suit against the defendants in the District Court of Mobile County in July of 1981. The complaint was for work and labor performed and breach of contract. In September of 1981, in an attempt to perfect a contractor’s lien against the building repaired, plaintiff filed the second suit, this time in the Circuit Court of Mobile County.
Defendants filed a motion to dismiss suit No. 2, relying on Alabama Code provision 6-5-440. While that motion was pending and apparently without notice of the motion, plaintiff voluntarily dismissed suit No. 1, the district court action. Thereafter, the defendant’s motion to dismiss suit No. 2, the circuit court action was heard, and it was eventually granted.
Plaintiff moved the circuit court to reconsider its dismissal of suit No. 2 under § 6-5-440, but the motion was not successful. Plaintiff then appealed to this court which affirmed on the authority of Terrell v. City of Bessemer, 406 So.2d 337 (Ala.1981). See C & S Construction Co. v. Martin, 420 So.2d 788 (Ala.Civ.App.1982). Plaintiff did not seek a writ of certiorari from the Alabama Supreme Court.
After the appellate decision on suit No. 2 was rendered, plaintiff filed suit No. 3 in the District Court of Mobile County. Defendants countered with a motion for summary judgment, contending that the order of dismissal in suit No. 2 was res judicata. In its brief plaintiff concedes that it filed its “Rule 60 Motion for Relief from Judgment” (seeking to have the judgment in suit No. 2 altered to recite specifically that *933 the dismissal was without prejudice) because it feared that the summary judgment motion in suit No. 3 would be successful. See A.R.Civ.P. 41(b). (“Unless the court in its order for dismissal otherwise specifies, a dismissal ... operates as an adjudication on the merits.”) It becomes apparent that plaintiff’s approach to the res judicata defense in suit No. 3 is to have the court in suit No. 2 declare that the dismissal of the action was a ruling in abatement and not an adjudication on the merits.
In opposition to plaintiffs appeal defendants contend that plaintiffs motion was properly denied as an untimely rule 59(e) motion, see A.R.Civ.P. 59(e) (“A motion to alter, amend, or vacate the judgment shall be filed not later than 30 days after entry of the judgment.”), or in the alternative that it is barred by the four-month deadline in A.R.Civ.P. 60(b)(1). But see Sack v. Low, 478 F.2d 360, 362 n. 1 (2d Cir.1973); Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala.1979). However, we find it unnecessary to decide if the shorter limitations periods under either 59(e) or 60(b)(1) apply as we find no such abuse of discretion in the denial of what this court will consider as a rule 60(b)(6) motion without so deciding. See Fitch v. Insurance Co. of North America, 408 So.2d 1017 (Ala.Civ.App.1981); Garland v. Garland, 406 So.2d 415 (Ala.Civ.App.1981).
We do not interpret the case of Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala.1979), to require reversal of the 60(b)(6) denial; instead we understand it only to state that a decision such as the one made by the trial court is discretionary. Respecting the idea that at some point judgments must be deemed final and in light of the facts and circumstances of the instant case, we find no abuse of discretion as to require remand. Accordingly, the ruling below is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.