MAIN, Justice.
Frank Gillis, M.D., appeals from a $5,000,000 judgment entered on a jury verdict against him in favor of Joey Frazier, as executor of the estate of his mother, Florine Bryant, in this wrongful-death/medical-malpractice case. We affirm the judgment in case no. 1121205; we reverse and remand in case no. 1120292.

I. Facts and Procedural History

Bryant died on November 17, 2005. On April 19, 2007, Frazier, on behalf of his mother’s estate, sued Dr. Gillis, a family practitioner, and Carol Davis, a certified nurse practitioner,[1] alleging wrongful death/medical malpractice stemming from care rendered to his mother while she was taking the drug Coumadin. Dr. George A, Evans, who had treated Bryant while she was hospitalized in the days before her death because Dr. Gillis was out of town, was subsequently named as a defendant.[2]
The case against Dr. Gillis was first tried in October 2010. At the close of Frazier’s case, Dr. Gillis moved for a judgment as a matter of law (“JML”), arguing that his alleged negligence was not the proximate cause of Bryant’s death. In *1129 particular, Dr. Gillis argued that the deficient medical treatment Bryant received at the hands of other health-care providers was the proximate cause of Bryant’s death and that, but for that intervening cause, Bryant would have survived. The trial court entered a JML in Dr. Gillis’s favor. Frazier appealed to this Court, and we transferred the appeal to the Court of Civil Appeals pursuant to § 12-2-7(6), Ala.Code 1975.
The Court of Civil Appeals reversed the trial court’s judgment and remanded the case for a new trial, holding that the trial court had erred in entering a JML for Dr. Gillis because, the court reasoned, although the treatment provided Bryant by other health-care providers was an “intervening cause,” it did not absolve Dr. Gillis of liability. Frazier v. Gillis, 85 So.3d 443, 453 (Ala.Civ.App.2011). Dr. Gillis filed a petition for a writ of certiorari with this Court, which was denied on December 9, 2011.
The case was retried in June 2012. The evidence showed that on August 29, 2005, Dr. Gillis diagnosed Bryant with atrial fibrillation and prescribed a blood thinner, Coumadin. At trial, Dr. Gillis explained that Coumadin requires that patients be monitored to ensure that their blood does not become too thin. The evidence showed that on August 31, 2005, Bryant’s international normalized ratio (“INR”) level was 1.9, which was within the normal therapeutic range.
On September 7, 2005, Bryant returned to the lab to have her INR level checked. Bryant’s blood was drawn that day; however, no INR test was administered. Instead, Bryant’s INR was not checked again by Dr. Gillis’s office until November 14, 2005.
On November 14, 2005, Bryant’s blood was drawn, and her INR level was 34.2. Because Dr. Gillis was out of town, his nurse practitioner, Davis, instructed Bryant to discontinue the Coumadin. Davis told Bryant to return on November 18, 2005, to have her INR level checked.
Bryant returned to Dr. Gillis’s' office the next day, November 15, 2005, complaining of nausea, a headache, and bleeding from the site where her blood had been drawn the day before. Davis ordered another INR test. The results indicated that Bryant’s INR level was 44.77.[3] Davis took the INR test results to Dr. Evans, who was handling Dr. Gillis’s patients while Dr. Gillis was out of town. Dr. Evans instructed Davis to refer Bryant to a hematologist. Davis did so and told Biyant that if she had any problems she was to go to the hospital.
Bryant suffered a massive brain hemorrhage and was found unresponsive on the morning of November 16, 2005. Bryant was transported to the hospital, where it was noted that laboratory studies revealed profound abnormalities and a large sub-dural hematoma. Bryant was removed from life support on November 17, 2005.
At the conclusion of the retrial of the case, the jury awarded Frazier $5,000,000 in damages for the wrongful death of his mother. Dr. Gillis filed a motion seeking, alternatively, a JML, a new trial, or a remittitur of the damages award. Dr. Gil-lis argued that the jury’s verdict was unsupported by the evidence and that it was motivated by sympathy or bias. He contended that, in the absence of a new trial, he was due, under the guideposts set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and the factors set out in Ham *1130 mond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989), a remittitur of the jury’s punitive-damages award based on its alleged excessiveness. Dr. Gillis argued that his age, 76, and his inability to pay $3,000,000 of the judgment—the amount above his liability-insurance coverage of $2,000,000—supported a remittitur of the damages award. Dr. Gillis also filed a renewed motion to revive § 6-5-547, Ala. Code 1975, which this Court has held to be unconstitutional, see Smith v. Schulte, 671 So.2d 1334 (Ala.1995), and a motion seeking an order striking any damages awarded in excess of the $1,000,000 cap proscribed in § 6-5-547.
The parties engaged in posttrial discovery. Frazier sought information regarding Dr. Gillis’s financial condition. Specifically, Frazier requested the production of evidence related to a potential bad-faith claim by Dr. Gillis against his liability-insurance carrier, ProAssurance Indemnity Company, Inc. (“ProAssurance”). ProAssurance produced certain documents from its claim file for in camera review by the trial court. ProAssurance withheld certain other documents and filed a privilege log of documents not disclosed. The trial court conducted an evidentiary hearing and subsequently denied Dr. Gillis’s postjudgment motions. On December 7, 2012, Dr. Gillis appealed.
After Dr. Gillis filed his appeal from the trial court’s denial of his postjudgment motions (case no. 1120292), Dr. Gillis asked this Court for permission to file a motion with the trial court for relief from the trial court’s judgment under Rule 60(b), Ala. R. Civ. P. Frazier opposed Dr. Gillis’s motion. On March 5, 2013, this Court entered an order staying the appeal and allowing Dr. Gillis to file a Rule 60(b) motion in the trial court. On June 4, 2013, this Court remanded the-case to the trial court for the limited purpose of conducting a Hammond/Green Oil hearing concerning the jury’s punitive-damages award.
On June 20, 2013, the trial court denied Dr. Gillis’s Rule 60(b) motion as time-barred under Rule 60(b)(2) and, under Rule 60(b)(6), as lacking a showing that Dr. Gillis “did everything -within his power” to discover the information supporting his motion before the judgment became final. Specifically, the trial court held:
“2. Gillis is not entitled to any relief from the judgment under Rule 60(b)(2) because: (1) Gillis has failed to establish that, through the exercise of due diligence, he could not have discovered the information upon which his motion is based in time to file a Rule 59 motion; and (2) Gillis is time-barred from obtaining relief under this subsection because he failed to request any relief pursuant thereto within four months of the initial entry of judgment.
“3. Gillis is not entitled to any relief under Rule 60(b)(6) because he has not established that he did everything reasonably within his power to discover the information upon which his motion is based and obtain relief from the verdict before the judgment entered thereon became final.
“4. Gillis’s motion also represented an impermissibly remote attack on the jury ... [because he] continued to investigate the private lives, and apparently the private medical records, of the jurors and their families for more than nine months following their verdict.”
On July 11, 2013, Dr. Gillis filed a second notice of appeal to this Court, appealing the trial court’s denial of his Rule 60(b) motion (case no. 1121205).[4] On October 1, *1131 2013, this Court consolidated the two appeals.[5]

II. Analysis

A. Case no. 1121205—Rule 60(b) Order

Dr. Gillis, in case no. 1121205, appeals from the trial court’s denial of his motion for relief from judgment under Rule 60(b), Ala. R. Civ. P. Dr. Gillis sought leave from this Court to seek relief under Rule 60(b) from the trial court’s judgment. See Rule 60(b), Ala. R. Civ. P. (“Leave to make the motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending before such court.”). This Court granted Dr. Gillis’s motion. Rule 60(b), Ala. R. Civ. P., provides:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.”
A Rule 60(b)(2) motion must be brought within four months of the judgment that it seeks to have set aside. “‘Newly discovered evidence’ means evidence in existence at the time of trial of which the movant was unaware.... And for a litigant to obtain a new trial on the ground of newly discovered evidence, it must appear that his reasonable diligence before trial would not have revealed this evidence which he failed to discover.” Moody v. State ex rel. Payne, 344 So.2d 160, 163 (Ala.1977). Under Rule 60(b)(2),
“ ‘the burden is on the moving party to show that he has such “newly discovered” evidence and why through due diligence it was not discovered in time to seek a new trial under Rule 59, [Ala. R. Civ. P.].’ Gallups v. United States Steel Corporation, 353 So.2d 1169 at 1172 (Ala.Civ.App.1978), citing Plisco v. Union R.R., 379 F.2d 15 (3d Cir.1967). ‘Motions to set aside judgments on the basis of newly discovered evidence are not favored.’ Garland v. Garland, 406 So.2d 415 (Ala.Civ.App.1981); Hudson v. Hudson, 404 So.2d 82 (Ala.Civ.App. 1981); Pace v. Jordan, 348 So.2d 1061 (Ala.Civ.App.197[7]). The grant or denial of a motion under Rule 60(b), [Ala. R. Civ. PJ, is discretionary with the trial court and we will not disturb its judgment on appeal absent an abuse of that discretion. City of Daphne v. Caffey, 410 So.2d 8 (Ala.1981); Pierson v. Pierson, 347 So.2d 985 (Ala.1977); Garland v. Garland, supra; Hudson v. Hudson, supra.”
Beaty v. Head Springs Cemetery Ass’n, Inc., 413 So.2d 1126, 1128 (Ala.1982).
Under Rule 60(b)(6), a party may seek relief from a judgment for any reason justifying relief other than those reasons enumerated in subsections (1) through (5). In R.E. Grills, Inc. v. Davison, 641 So.2d 225 (Ala.1994); this Court stated:
*1132 “The ‘catch all’ provision of clause (6) of Rule 60(b) allows a trial court to grant relief from a judgment for ‘any other reason justifying relief.’ Barnett v. Ivey, 559 So.2d 1082, 1084 (Ala.1990). ‘ “Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.’” Chambers County Comm’rs v. Walker, 459 So.2d 861, 866 (Ala.1984) (quoting Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (Ala.1983)). Clause (6), however, is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5). See, e.g., Insurance Management & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209 (Ala.1991); Barnett, 559 So.2d at 1084; Smith v. Clark, 468 So.2d 138, 140 (Ala.1985); Chambers County Comm’rs v. Walker, 459 So.2d 861 (Ala.1984); Ex parte Hartford Ins. Co., 394 So.2d 933, 935-36 (Ala.1981); Rebel Oil Co. v. Pike, 473 So.2d 529 (Ala.Civ.App.1985); Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900, 902 (Ala.Civ.App.1979).”
641 So.2d at 229.
“ ‘Rule 60(b)(6) is an extreme remedy and relief under Rule 60(b)(6) will be granted only “in unique situations where a party can show exceptional circumstances sufficient to entitle him to relief.” Nowlin v. Druid City Hosp. Bd., 475 So.2d 469, 471 (Ala.1985). The purpose of Rule 60(b)(6) is not to relieve a party from a free and deliberate choice the party has previously made. City of Daphne v. Caffey, 410 So.2d 8, 10 (Ala.1982).’ ”
Ex parte Phillips, 900 So.2d 412, 419 (Ala.2004) (quoting Wood v. Wade, 853 So.2d 909, 912-13 (Ala.2002)). A motion under Rule 60(b)(6) must be brought “within a reasonable time” after the entry of the judgment. Rule 60(b).
“ ‘ “What constitutes a ‘reasonable time’ depends on the facts of each case, taking into consideration the interest of finality, the reason for the delay, the practical ability to learn earlier of the grounds relied upon, and the prejudice to other parties. Adams v. Farlow, 516 So.2d 528 (Ala.1987), cert. denied, 485 U.S. 1010, 108 S.Ct. 1477, 99 L.Ed.2d 705 (1988). In addition, the doctrine of laches, which denies equitable relief to one guilty of unconscionable delay in asserting a claim, applies to Rule 60(b) motions. Waldrop v. Waldrop, 395 So.2d 62 (Ala.1981).”
“ ‘Ex parte W.J., 622 So.2d 358, 361 (Ala.1993).’
“[Ex parte] Hicks, 67 So.3d [877,] 880 [ (Ala.2011) ].”
Bates v. Stewart, 99 So.3d 837, 853 (Ala.2012).
In his motion seeking leave from this Court to seek Rule 60(b) relief in the trial court, Dr. Gillis claimed that he was seeking relief alternatively under Rule 60(b)(2) and Rule 60(b)(6). When he filed his motion in the trial court, he requested relief under Rule 60(b); he did not specify the subsection under which he sought consideration. The trial court determined that Dr. Gillis was not entitled to relief under either Rule 60(b)(2) or Rule 60(b)(6).
Because Dr. Gillis’s motion in the trial court does not specify any Rule 60(b) ground for relief, we must determine the nature of Dr. Gillis’s motion. In his motion, Dr. Gillis alleged that he was entitled to relief from the judgment because a juror failed to reveal that her husband had been a former patient of Dr. Gillis’s. In particular, Dr. Gillis claimed that the juror did not reveal: (1) that her husband was a *1133 former patient of Dr. Gillis’s and (2) that, as a result of that experience, she held a negative opinion of Dr. Gillis, did not like Dr. Gillis, and did not consider him to be a good doctor.
Initially, as the trial court concluded, if considered a Rule 60(b)(2) motion based on newly discovered evidence, Dr. Gillis’s motion would be untimely because it was not filed within four months of the entry of judgment. Consequently, the motion would have to fall within Rule 60(b)(6) to be timely. Therefore, our inquiry is whether the motion can properly be considered a Rule 60(b)(6) motion asserting as a ground “any other reason justifying relief from the operation of the judgment.”
We must consider whether Dr. Gil-lis had access to the information on the juror before the judgment became final so that, if Dr. Gillis had done everything reasonably within his power, he could have discovered the information at that time. “[RJelief [pursuant to Rule 60(b) ] should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final; otherwise, a motion for such relief from a final judgment would likely become a mere substitute for appeal and would subvert the principle of finality of judgments.” Osborn v. Roche, 813 So.2d 811, 818 (Ala.2001). The record reflects that the trial court considered conflicting affidavits concerning the extent of Dr. Gillis’s treatment of the juror’s husband and whether the juror had ever spoken disparagingly about Dr. Gillis at any time. “ ‘Without question, a movant must both allege and prove one of the grounds set forth in Rule 60 in order to be granted relief under that rule.’ ” Ex parte A & B Transp., Inc., 8 So.3d 924, 932 (Ala.2007) (quoting Ex parte Baker, 459 So.2d 873, 876 (Ala.1984) (emphasis added)). Given the conflicting evidence, we must conclude that Dr. Gillis failed to meet his “ ‘burden of proving extraordinary circumstances and/or extreme hardship or injustice sufficient to entitle him to relief under Rule 60(b)(6).’ ” Id. Therefore, we affirm the judgment of the trial court in case no. 1121205.

B. Case no. 1120292

1. Remittitur Issue

Dr. Gillis next challenges, in case no. 1120292, the trial court’s order denying his motion for a remittitur because, he says, in calculating Dr. Gillis’s assets, the trial court improperly included among his assets a potential bad-faith claim against his liability-insurance carrier, ProAssurance. Dr. Gillis asks this Court to overrule Boudreaux v. Pettaway, 108 So.3d 486 (Ala.2012), to the extent that it held that a potential bad-faith claim and/or negligent-failure-to-settle claim against a liability-insurance carrier may be considered as an asset for purposes of a Hammond/Green Oil review and a remittitur analysis.
We accept Dr. Gillis’s invitation to overrule Boudreaux to the extent that it held that, in calculating a defendant’s assets, the trial court may consider the contents of the claim file compiled by a defendant’s liability-insurance carrier and include among the defendant’s assets a potential bad-faith and/or negligent-failure-to-settle claim against the defendant’s liability-insurance carrier. We conclude that allowing a trial court to consider a defendant’s potential third-party claim against its liability-insurance carrier as an asset for purposes of a Hammond/Green Oil review and a remittitur analysis is subjective rather than objective. In a remittitur analysis, the actual assets and liabilities of the defendant are determinative of the defendant’s net worth. A cause of action against a defendant’s liability-insurance carrier does not accrue until a final judgment has been entered against the defen *1134 dant. Because at the time of a Hammond/Green Oil hearing the third-party action has not yet accrued and is speculative in nature, it cannot be considered as part of the defendant’s net worth in determining a defendant’s assets for purposes of Hammond/Green Oil and the remittitur analysis. Accordingly, we reverse the judgment as to this issue and remand this case for the trial court to conduct a Hammond/Green Oil hearing without taking into consideration Dr. Gillis’s potential bad-faith and/or negligent-failure-to-settle claim against his liability-insurance carrier. We further direct that the trial court, in calculating Dr. Gillis’s assets under Hammond/Green Oil, should not consider Dr. Gillis’s wife’s portion of them jointly owned assets.

2. Section 6-5-54-7, Ala.Code 1975

Dr. Gillis urges this Court to revive § 6-5-547, Ala.Code 1975, which limited a judgment in a medical-malpractice action against a health-care provider to $1,000,000, and to overrule Smith v. Schulte, 671 So.2d 1334 (Ala.1995), which held that the cap on damages in § 6-5-547, Ala.Code 1975, was unconstitutional. In support of his argument, Dr. Gillis cites Ex parte Apicella, 809 So.2d 865 (Ala.2001), and Ex parte Melof, 735 So.2d 1172 (Ala.1999).
This Court revisited the Schulte decision in Mobile Infirmary Ass’n v. Tyler, 981 So.2d 1077 (Ala.2007), and declined to revive § 6-5-547. After considering Schulte and its progeny and the cases cited by Dr. Gillis, we are not persuaded to overrule Schulte.

III. Conclusion

We affirm the judgment of the trial court denying Dr. Gillis relief under Rule 60(b), Ala. R. Civ. P., in case no. 1121205. In case no. 1120292, we reverse the judgment insofar as it considered the potential bad-faith and/or negligent-failure-to-settle claim against Dr. Gillis’s liability-insurance carrier and remand the cause. We decline to overrule Schulte and revive the statutory cap on damages in medical-malpractice actions. On remand, the trial court is to conduct a Hammond/Green Oil hearing without consideration of the potential bad-faith claim and without consideration of Dr. Gillis’s wife’s portion of jointly owned assets. We instruct the trial court to make a return to remand within 90 days.
1121205—AFFIRMED.
MOORE, C.J., and STUART, BOLIN, PARKER, and WISE, JJ., concur.
SHAW, J., concurs in the result.
MURDOCK, J., dissents.
BRYAN, J., recuses himself.
1120292—REVERSED AND REMANDED WITH INSTRUCTIONS.*
MOORE, C.J., and STUART, BOLIN, and WISE, JJ., concur.
MURDOCK, J., concurs specially.
PARKER and SHAW, JJ., concur in part and dissent in part.
BRYAN, J., recuses himself.

. Frazier and Davis entered into a pro tanto settlement in September 2009.

. Frazier added Dr. Evans as a defendant in February 2009. Dr. Evans filed a motion for a summary judgment, asserting that the claims against him were barred by the statute of limitations for medical malpractice, The trial court granted Dr. Evans's summary-judgment motion.

. There was a note attached to the results of the INR test indicating that Bryant’s INR level was actually .89 because a "mixing study” had been done. The record does not explain the term "mixing study.”

. We note that the trial court filed a return to remand in case no. 1120292 following the Hammond/Green Oil hearing.

, This case was assigned to Justice Main on March 25, 2014.

 Note from the reporter of decisions: On November 6, 2014, the Alabama Supreme Court dismissed appeal no. 1120292, on motion of appellant.